MOORE AND  PORTER v. McCULLOUGH.

In chancery.  Complainant prayed for the conveyance of a lot of ground, sold to him by defendants, and for which conveyance defendants had given them their bond—alleging that he had paid and satisfied his bond given to them for the purchase money.  The proof was, that defendants had employed one H. to erect a building for them, and complainant had entered into co-partnership with H. in the execution of the work—that in the sttlement between H. and defendants, they had executed their notes to H. and to complainant for what was due, after deducting in their note to complainant the amount of the purchase money for the lot aforesaid.  Held by the court, that this arrangement could not be admitted to sustain the allegations of the bill—that the bill, to have let in such proof, should have averred an accord and satisfaction, and that H. should have been made a party to the bill.

APPEAL in chancery, from the circuit court of Cooper county.

*Hayden,* for appellants:

In the argument of this cause, the counsel for the appellants will insist:

1. That the complainant gave no evidence, nor was there any evidence given, to prove the payment of the purchase money of the lot, as charged in the bill.

2. That, without such proof, the complainant is not entitled to a decree for a conveyance of the lot.

3. That all the proof given related to a question not presented by the complainant in his bill of complaint for the adjudication of the court, and that therefore it was, and is, irrelevant to the issue in the cause.

4. That the defendants had a right to prove any fact conducing to show the non existence of any fact necessary to be established by complainant to entitle him to a decree against the defendants, and that, therefore, the court below erred in limiting and confining them, upon the hearing of the cause, to the question, whether there was an agreement on the part of complainant and Huston to correct the errors, if any, as to the prices charged for the work done in the building of the house?

5. That the court ought to have set aside the decree, and have granted the defendants a new trial in the cause, admitting the hypothesis to be true, that the defendants had a right to go in their proof beyond the question to which they were confined by the court.  *  *  *
The complainant, in framing his bill, is required by the rules and practice of chancery, to set forth the matter of his bill plainly, with all necessary circumstances as to the time, place, manner, and incidents; and if any thing

MAY TERM, 1838.

Moore & Porter v. McCullough.

be set up in the answer, making it necessary for the complainant to change his case, he should do so by amendment or supplemental bill. * * * James v. McKernon, 6 Johnson's Rep. 559, et al.; Mitford's Pleadings, 34; 2 Atkins, 141; 3 Atkins, 182; 2 Ves. 225; 14 John. Rep. 515–16, Lyon v. Tallmadge. If it shall be urged by the complainant, that any evidence which was given by the complainant, (upon the hearing of which was inapplicable to the issue,) ought to have been then rejected, upon the motion of the party affected by it, I answer that parol proofs are generally permitted to be made in chancery without prejudice, subject to all just exceptions, but at law, where such proof might influence a jury, it is not allowable—see 14 Johnson's Rep. page 1, * * * In these two points, (5th and 6th,) are involved the corrections of the decisions of the court in refusing to permit the defendants to prove all the matters of defence set up in their answer to the bill, and in overruling defendants' motion to set aside the decree and to grant a new trial. The court ought to have permitted the defendants to have proved any fact set up in their answer which would have conduced to show that the complainant had not paid to them the purchase money for the lot, or which would have negatived the existence of any fact, which the complainant was bound to prove to entitle him to a decree—see 1 Maddox's Chancery, 404, et sequel, and the authorities there referred to. * * * * * * *

*Adams*, for appellee:

The only question in this case is, whether the court erred in refusing to permit the defendants to surcharge and open the account for work rendered by complainant, and settled between the parties?

In support of the decree, it is contended, that there was no foundation laid in the answer for opening the account.

The answer does not charge any fraud, error or mistake in the settlement, but simply states that there was a settlement, and that complainant said if there was any error or mistake it should be corrected, but whether there was in fact error or mistake, we are not informed by the answer; and it is a well settled principle, that a stated account cannot be opened except for fraud, error or mistake, specifically charged and set forth—Fonb. Equity, 32, in notes; 1 Maddox's Treatises, 102–3; Com. on Contracts, 473, in notes; 2 Marshall's Rep. 338; 2 Starkie's

Ev. 18, 19, 170; Fonb. Equity, 339, in notes; Stoughton v. Lynch, 2 J. Ch. Rep. 217; Slu v. Bloom, 20 J. Rep. 689; 1 Story's Equity, 497, 501; James v. McKernon, 6 J. R. 559; Lyon v. Tallmadge, 17 J. R. 516, side page.

TOMPKINS, Judge, delivered the opinion of the court.

McCullough filed his bill in chancery against the appellants, Moore and Porter, and a decree being made in that court against them, they moved the court to set aside the decree, and grant them a new trial. The court overruled their motion, and they appealed to this court.

The bill states, that Moore and Porter, the appellants, agreed to sell to McCullough, the complainant, a lot of ground, in the town of Boonville, for the price of three hundred and forty dollars; that the said Moore and Porter executed to him a bond for the conveyance of the same, and that he executed to them his bond for the payment of the purchase money, on or before the first day of May, in the year 1837; at which time they, by their bond, undertook also to convey the lot. It is further stated in the bill, that before the first day of May, in the year 1837, when his bond for the purchase money became due, the complainant paid and satisfied to the said Moore and Porter his bond for the purchase money, and that they refused to convey the lot.

The defendants, (appellants here,) by their answer, admit the contract for the sale of the lot, but deny that the appellee had paid and satisfied to them the purchase money.

The appellants, in their answer, proceed then to state that they had employed one Huston to build them a house, and that the appellee had assisted Huston, and on that account claimed to pay the purchase money of the lot with a part of the money which Huston claimed for building the house, whereas they say that they have paid Huston for the house.

The testimony preserved in the bill of exceptions is very obscure. It shows that the appellants did contract with Huston to build them a house, and that he did admit McCullough as a partner in the job, but there is no evidence that the appellants made any contract with him about the building of the house. Huston was examined as a witness; he testified that there was a settlement between him and the appellants, after the house was completed, and that they executed to him their note for one half of the amount of the building, and that they execu-

MAY TERM,
1837.

Moore & Porter
v.
McCullough.

In chancery.
Complainant
prayed for the
conveyance of
a lot of ground,
sold to him by de-
fendants, and for
which convey-
ance defendants
had given him
their bond—al-
leging that he
had paid and sat-
isfied his bond
given to them for
the purchase
money. The
proof was, that
defendants had
employed one H.
to erect a build-
ing for them, and
complainant had
entered into co-
partnership with
H. in the execu-
tion of the work
—that in the set-
tlement between
H. and defs. they
had executed
their notes to H.
and to complain-
ant for what was
due, after deduct-
ing, in their note
to complainant,
the amount of the
purchase money
for the lot afore-
said. Held by the
court, that this
arrangement
could not be ad-
mitted to sustain
the allegations of
the bill—that the
bill, to have let in
such proof, should

ted to the appellee, McCullough, their note for the balance
of the cost of the building, first deducting three hundred
and forty dollars therefrom, which is the purchase mo-
ney of the lot; yet, still the bond of McCullough for the
purchase money was suffered to remain in their hands;
and other testimony was given calculated to raise a
doubt whether the appellants did agree to pay, for build-
ing the house, the full amount of Huston's bill. The
view here taken of this case is such, that it becomes
unnecessary to examine the testimony strictly.

In the first place, admitting that after the appellants
had executed the two notes spoken of by Huston, the
sum of three hundred and forty dollars, which is the
exact amount of the purchase money, was still due to
Huston on account of this building, and that they had
agreed, at Huston's request, to consider that sum of
money as yielded to them in satisfaction of the purchase
money of the lot for which they had McCullough's bond,
yet, still this is no payment of the purchase money for
the lot. Had McCullough wished to avail himself of
this arrangement of the business, he should have stated it
specially in his bill of complaint, for it could be used
only as an accord and satisfaction of the bond for the
purchase money. Particular care should be taken to
put in issue in the bill, whatever is intended to be proved
by the complainant in the cause, otherwise he will not
be permitted to give it in evidence, for the court pro-
nounces the decree *secundum allegata et probata;* the rea-
son of which is, that the adverse party may be apprised
against what suggestions he is to prepare his defence—
Cooper's Equity, page 7.

Had Moore and Porter brought an action at law for the
purchase money of this lot, McCullough could not, un-
der plea of payment, have given this arrangement with
Huston on the one side, and Moore and Porter on the
other, in evidence. He, then, having stated in his bill
that he had paid the consideration money, ought not to
be allowed to prove under that allegation this accord
and satisfaction of which evidence was given. Had the
appellants contented themselves with denying the pay-
ment of the purchase money for the lot, there would
have been less obscurity about the case. But proceed-
ing to set out in their answer what they expected the
complainant would attempt to prove, a confusion of
ideas was produced, and the case has been argued as if
the bill had contained the allegations necessary to let in
such evidence.

It may be further observed that the complainant has failed to make the necessary defendants to this bill. Before he can expect a decree that Moore and Porter shall convey the lot of ground, he must either pay or be ready to pay the consideration, either according to the terms of bond, or in such manner as a court of equity may deem equivalent. Huston should have been made co-defendant in this bill, in order that, by the same decree by which the title to the lot passed out of Moore and Porter, the claim of Huston against them for the balance, if any, due him for building the house might be extinguished. It is true that if, at the request of Huston, they should surrender to McCullough his bond for the purchase money, and acknowledge satisfaction, this might be at any time given in evidence as so much money paid at his instance and request, and be a good bar to a recovery by Huston against them of the balance alleged to be due him for building the house. But courts of equity, when they decree a conveyance, will take notice that all the parties interested shall be made defendants; and that the party decreed to convey shall be made secure before a decree is made against him—see Cooper's Equity, page 33; where it is said to be a general rule, that however numerous the persons may be who are interested in the subject of a suit, they must, nevertheless, be all made plaintiffs or defendants, so that a complete decree may be made between those parties; it being the constant aim of a court of equity to do complete justice by embracing the whole subject; deciding upon and settling the rights of all persons interested in the subject of the suit; to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation. If this be not done, the defendant may either demur to the bill, or when the cause comes on to a hearing, he may object that proper parties are wanting, or the court may refuse to proceed to a decree, or if the court does make a decree, that decree may afterwards be reversed.

It is very true, that if the complainant intended to prove that he had paid the purchase money, there was no necessity to make Huston defendant; but if he intended to satisfy that bond which he had given to secure the payment of the purchase money with the money which he has attempted to prove that the appellants owed to Huston, then he must not only allege this in his bill, but he must also make Huston a party in the defence, in order that the court of equity may make the

have averred an accord and satisfaction, and that H. should have been made a party to the bill.

performance of its order perfectly safe to Moore and Porter, and prevent future, litigation between them and Huston.

Being of opinion that the decree of the circuit court ought to be reversed, because the allegations in the bill were not such as would justify the admission of the evidence given; and also being of opinion that if those allegations had been sufficient to justify the admission of such evidence, Huston ought to have been made co-defendant, it becomes useless to inquire whether the weight of evidence was such that, under a proper state of the pleadings, the decree of the circuit court ought to be affirmed; suffice to say that the evidence is very obscure. This evil may probably be remedied, in case the cause shall hereafter be proceeded in. Because there was no evidence given to support the allegations in the bill; and, moreover, because Huston should have been a co-defendant had there been any allegations in the bill to justify the admission of the evidence about the building of the house, &c., the decree of the circuit court ought, in my opinion, to be reversed, and such being the opinion of the rest of the court, it is reversed and remanded.