## THOMPSON v. HENRY, *Appellant.*

**Equity**: SALE OF LAND : SPECIFIC PERFORMANCE. A court of equity will decree the specific performance of a contract for the sale of land against one who accepts a deed with the knowledge, on his part, of the right of another to enforce such specific performance against the grantor.

*Appeal from Bates Circuit Court.*—HON. JAS. B. GANTT, JUDGE.

REVERSED.

*Galloway & Henry* for appellant.

(1) The defendant had a good equitable title to the land in·question. (2) And plaintiff having purchased with notice of the facts, the court should, as against him, have decreed specific performance of the contract. *Hays v. Hall,* 4 Porter 374; *Deniston v. Hoagland,* 67 Ill. 268; *De Wolf v. Pratt,* 42 Ill. 211; *Patterson v. Copeland,* 52 How. Pr. 460.

*Edwards & Davison* and *J. K. Brugler* for respondent.

(1) There is nothing in defendant's case to warrant the court in finding for him. R. S., sec. 2513; *Gibbs v. Sullens,* 48 Mo. 237. (2) The court having heard the proof on defendant's answer and having found against him, this court will not review the finding. *Chapman v. McIlwrath,* 77 Mo. 38; *Chouteau v. Allen,* 70 Mo. 336; (3) There was no proof of good faith on part of appellant, no valuable improvements, nothing in fact done by him which calls for the interference of a court of equity. *Ells v. R. R.,* 51 Mo. 200; Story's Eq. Pl., sec. 762; *Widdicombe v. Mercer,* 72 Mo. 588:

HENRY, C. J.—This is an action of ejectment by which plaintiff seeks to recover possession of the southeast quarter of the southeast quarter of section two, township forty, range thirty, in Bates county. The petition is in the usual form, and the answer a general denial, containing, also, the following equitable defence, viz.: "That on or about the — day of November, 1879, he entered into an agreement in writing with Howard A. Parish, the plaintiff's vendor, by

which it was agreed between said Parish and defendant that said defendant should take possession of the land described in the petition, and fence and occupy the same until said land should rise in value, and until said Parish should see fit to sell the same. In consideration of the fencing of said land, he would give the defendant the preference and refusal of purchasing said land at a price to be fixed by said Parish. That said defendant, relying on the agreement of said Parish, and believing that the same would be carried out in good faith, entered into possession of said land and fenced the same and has ever since held and occupied the same under and by said agreement. That, afterwards, on the twenty-fifth of May, 1881, and before making a deed to the plaintiff, the said Parish named to the defendant the price of said land and offered, in writing, to sell the same to defendant, at the price of six hundred dollars, two hundred to be paid on execution of a deed by said Parish to defendant, and the balance in equal installments due in one and two years, at eight per cent. interest. Upon receipt of which offer to sell said land on the terms aforesaid, defendant immediately accepted, in writing, the offer on the terms named, and notified said Parish of his acceptance, prior to the time said land was conveyed to plaintiff by said Parish. That plaintiff knew each and every one of these facts as aforesaid, but combining and confederating with said Parish by and through his agents, E. P. Henry and R. G. Hartwell, procured a deed to be made from said Parish to plaintiff, purporting to convey said land to him, plaintiff. That said deed is the only claim or color of title plaintiff has to said land. That plaintiff before, and at the time of his purchase of said land from Parish, had full notice of all the rights and equities of defendant, and of all the facts aforesaid, and knowing the same took the same for the purpose of defeating defendant in obtaining his just rights in the premises. Defendant says that he has at all times been ready and willing to comply with the terms of his agreement with

said Parish in relation to said land, and to pay the said sum of six hundred dollars, and to secure the payment of the balance in equal installments with interest as aforesaid, and now brings said money and security here into court and tenders the same subject to the order of the court, etc., and prays that said plaintiff be compelled by order of the court to convey said land to defendant, on the terms and conditions of the contract between defendant and Parish," etc.

The replication denied all the allegations of the answer. On a trial there was a judgment for plaintiff from which defendant has appealed.

Howard Parish conveyed the land to plaintiff by deed, dated the twenty-first of June, 1881. One E. P. Henry and Hartwell were the agents who negotiated for plaintiff with Parish for the land, and Parish testified that on the second day of June, 1871, he wrote to E. P. Henry telling him that A. Henry was entitled to the refusal of the land. He also testified that: "About two years before the time the deed to Thompson was made, defendant took possession with the understanding between me and the defendant, that the defendant would fence the land and have the use of it till it was to be sold, and if defendant did not buy it, that he, defendant, might move his fence from it, but defendant was to have the preference in buying it at the price to be fixed by me. E. P. Henry was informed of this agreement before the deed was made to Thompson. There was no correspondence between me and Thompson; it was done with E. P. Henry; I made the deed to Thompson because I was offered fifty dollars more than I had priced the land at; I received defendant's letter in answer to exhibit 'B,' in which defendant offered to pay the six hundred dollars in cash, and this was before I made the deed to plaintiff."

November 25, 1879, Parish wrote to defendant as follows:

"P. O., HOUSTON, Harris Co., Texas, Nov. 25, 1879.
"*A. Henry, Esq.*:

DEAR SIR: You can go ahead and fence the land in accordance with your last letter.

"Very Respectfully Yours,
"H. A. PARISH."

In pursuance of his contract with Parish, A. Henry took possession of the land, and fenced it, and was in possession when the plaintiff took his conveyance. Some time prior to June 2, 1881, E. P. Henry and Hartwell mailed to Parish a deed for the land to plaintiff for execution, and, on that day Parish wrote them as follows:

"HOUSTON, TEXAS, June 2, 1881.
"*Henry & Hartwell, Butler, Mo.*

"DEAR SIRS: Your favor with enclosed deed to hand. I am perplexed in regard to the case as it now stands. When I gave you the news that I would sell the land, I forgot a former promise that I made to Mr. A. Henry, viz.: the refusal of said land; I did not have the least idea he would be in the field from the fact (he always wanted it) that he would never make an offer of more than half the value, but he has heard recently that other parties were after it, and on my arrival at Houston yesterday—saying he would take the place one-third down and the balance in one and two years—I prefer your offer, as it is cash, but have no doubt he will give cash if desired. I will write to him to-day and inform him that I will accept your offer unless he pays the cash, which he no doubt will do. What do you think about it? Please let me hear from you and oblige,

"Yours very respectfully,
"HOWARD A. PARISH."

It is clear from this testimony that the agreement between Henry and Parish was made as alleged in the answer, and whether plaintiff was aware of it or not, before he received his deed, his agents were, and through them he made the purchase. The contract between Henry and Parish was one Henry could have enforced

against Parish. He had taken possession of the land and fenced it, under the contract, which was so clearly proved in all its terms that a court of equity would have enforced it against Parish, and plaintiff, with notice, actual or constructive, of the existence of that agreement, had no right in equity, to purchase and hold the land, against Henry. Upon what theory the court found against Henry, and rendered a judgment for plaintiff does not appear. The judgment is reversed and the cause remanded. All concur.