CLARENCE S. HODGES ET AL., APPELLANTS, v. L. F. BROOKS ET AL., RESPONDENTS.—110 S. W. (2d) 1130.

Kansas City Court of Appeals. December 17, 1937.

*Fred A. Benz* for appellants.

*Montgomery & Salveter* for respondents.

SHAIN, P. J.—The issues in this case are of and concerning the actions and proceedings of the Circuit Court of Pettis County, Missouri, touching a bill in equity filed in said Court by the plaintiffs against defendants.

The uncaptioned petition filed by plaintiffs is set forth in an abstract of the record filed by them in this Court.

In the plaintiffs' petition it is charged that the defendants entered into collusion among themselves with intent and without just cause to deprive the plaintiffs of their property by certain acts of fraud and deceit and general misrepresentations touching the ownership and encumbrances of same of certain real estate purchased by plaintiffs. In said petition, the plaintiffs seek much relief including injunctive or restraining orders, the cancellation of deeds of trust, for declaration of title and vesture of title in plaintiffs, for damages in the sum of $1967.50 and permanent restraining orders from disturbing plaintiffs peaceable possessions and from filing action by suit or otherwise to question plaintiffs title or possession.

The record before us for review, consisting of record proper, abstract filed by appellant, and an abstract filed by respondents, presents perplexities in that the whole bears analogy to a block puzzle with scattered parts that must be assembled with continuity before we can tell what is represented.

The record proper in the case can better be classed as a partial index to what the record shows than an abstract that presents the record itself. In this document it is not even indicated that the plaintiffs filed a suit in the Court and if so, to what term returnable and there is made no showing that any process whatever was ever had out of said Court. The first showing in the record proper being under date of the 14th day of December, 1936, being the 24th day of the November Term, 1936, when it is asserted that certain defendants by leave of Court file answers.

The abstract filed by the plaintiffs in the case, who are appellants herein, which abstract is shown approved by the Court and attested by attorneys states as follows:

"RECORD PROPER."

"This suit was instituted in the Circuit Court of Pettis County, Missouri, March 9, 1936, by appellants as plaintiffs below, filing their petition herein, which as amended, omitting caption and signatures, as is done in all subsequent pleas herein set out, is as follows:"

After the above appears the uncaptioned petition and in said petition certain names do not appear that afterwards do appear and are designated as defendants. Thereafter follows an entry as of May 6,

1936, which is captioned as motion for interlocutory judgment as to defendants J. P. Green and Elmer E. Sterling (whose names do not appear in plaintiffs' petition) and Quincy A. Morgan and W. P. Hurley, all of whom it is asserted were duly served with summons but come not but make default. However no such service is shown.

Thereafter is shown a motion, under date of May 7, 1936, by the plaintiffs to make Donnohue Loan and Investment Co., a defendant, which motion was duly sustained and permission given to amend petition by interlineation. It is shown that summons was duly issued and duly served as to the above defendant. In so far as any record before us show, the above summons, service and return is the only one had.

The abstract makes next showing as follows:

"TRIAL."

"Thereafter, Dec. 14, 1936, said cause was duly called for trial in said Court, whereupon at said time, Plaintiffs duly filed the following motion for judgment which is set out at pages 9 and 10 hereof, but the Court then overruled same to which ruling Plaintiffs duly objected and excepted at the time. (See page 9, Abstract).

At the same time, Dec. 14, 1936, by leave of Court, all of Defendants *except* the Donnohue Loan and Investment Co., filed their respective answers as set out at pages 10, 11, 12, and 13 hereof, to which filing Plaintiffs then and there duly objected and excepted and still except because such answers were untimely and stated no meritorious defenses.

The Court then ordered a proceeding with the trial of the cause, on its merits, whereupon Plaintiffs elected to stand on the merits of their motion for judgment on the law and the pleadings, whereupon the Court ordered a JUDGMENT OF DISMISSAL as is set out at page 13 hereof.

Thereafter, in due course and in due form, Plaintiffs duly filed their MOTION FOR NEW TRIAL, as set out at pages 13, 14 hereof, and the overruling thereof, set out at page 15 hereof; their Application and Affidavit for Appeal and the granting thereof referred to at page 15 hereof; the filing and approval of the BILL OF EXCEPTIONS set out at page 9 hereof, of which as much as is necessary for an understanding of the issues in this cause, is here set out as follows:" (Italics ours)

Thereafter under head of "Bill of Exceptions" is recited the procedure of May 7, 1936, making Donnohue Investment Co., a party defendant and wherein it is recited that cause was called for trial on Dec. 14, 1936, and that Fred A. Benz made appearance for plaintiffs and Henry C. Salveter made appearance for defendants, and

wherein it is also asserted that order of summons by publication was had as to L. F. Brooks and Ethel H. Brooks.

There is next shown a motion filed by plaintiffs for judgment on the law and the pleadings against all of the defendants based upon the alleged fact, "That although all of said Defendants were duly served with summons here, or entered their appearance herein, and now come not, with their timely answers to Plaintiffs petition herein, and make default—."

In the record presented by plaintiffs it is asserted that at the same time, L. F. Brooks and Ethel Brooks by leave of Court file answer and the said answer follows. It is further stated that likewise J. P. Green filed answer and said answer follows. Thereafter it is stated that defendants Quincy A. Morgan, Elmer E. Sterling and W. P. Hurley likewise are permitted to file "their untimely answers". Thereafter the answers filed are set out and thereafter the following is shown:

"Plaintiffs' motion for judgment was then taken up when Mr. Salveter said in response to questions by Mr. Benz: 'I have represented Dr. L. F. Brooks and his wife, Ethel H. Brooks all the time during the pendency of this suit, and on the first day of this term (Nov. 2, 1936) asked the Court to set the hearing of this case, for December 14, 1936.' "

(1) "THE COURT: Well, I recall very distinctly at the beginning of the term, that was on the first Monday in November, when this case was called, Mr. Salveter said he would enter his (Brooks et ux), appearance."

(2) "MR. BENZ: Is it then the holding of the Court that Mr. Salveter did ask the setting of the cause at that time, in behalf of Dr. Brooks? THE COURT: Certainly."

(3) "Court overruled Plaintiffs' said motion for judgment, to which ruling Defendants then and there duly objected and excepted and still except because no answers were timely filed nor any reasonable cause shown for such failure to do so."

(4) "Whereupon the Defendant, J. P. Green was likewise permitted (Dec. 14, 1936), to file his untimely answer, to which Plaintiffs likewise objected and excepted and still except."

(5) "MR. BENZ: Then, Your Honor, I think this cause should be continued to the next term, so we may have an apportunity to know what plea to make, as we can only learn that through deposition and we wish to take the deposition and he has not been in court officially so far as I know, at least, by constructive service and unless it was entered at the beginning of the term here, by his counsel, then they are not in court. (But the Court refused to continue same to which Plaintiffs duly objected and excepted at the time and still excepts.)"

(6) "THE COURT: Proceed. The Court thinks the matter ought to be heard on the merits."

(7) "THE COURT: Proceed gentlemen. Who is your first witness?"

(8) "To which action and ruling of the Court, the Plaintiffs by their counsel, then and there duly excepted at the time and still except."

(9) "BY MR. BENZ: The Plaintiffs are standing on their motion (for judgment on the law and the pleadings)."

(10) "THE COURT: Very well, let the record show cause dismissed by Court, for failure to prosecute."

(11) "To which ruling and action of the Court, the Plaintiffs, by their counsel, then and there duly excepted at the time and still except."

"(This was all the evidence introduced.)

And thereupon, the Court made the following entry of dismissal:" (The numerals indicated are by the Court and some of same are referred to hereafter for purpose of brevity.)

Thereafter is shown:

"JUDGMENT."

" 'Cause dismissed by Court for failure to prosecute.' "

Plaintiffs motion for new trial is thereafter set out in full. In motion for new trial, complaint is made as to filing of answers out of time, without previous service of copies and asserting that said failure had caused plaintiffs to prepare only for default therein and fact was a misuse of judicial discretion to then force plaintiffs to trial without any opportunity to prepare to meet or rebut defendants defense as then filed and that defendants used said tactics to purposely and without just cause deceive plaintiffs, employed tactics causing avoidance and delay in not timely filing their answers so as to not disclose their respective defenses without any cause shown first being given.

It is further alleged as follows:

"2. That the Court erred in dismissing the Plaintiffs' cause, without first giving them a prior opportunity to know Defendants' respective defenses, so that they could know and prepare Plaintiffs' reply defense thereto;"

It is shown that Court overruled motion and error is asserted as to the overruling of plaintiffs motion for judgment. Objection and exceptions are shown as duly taken and also that an appeal was duly taken by the plaintiffs.

The defendants, respondents herein, file what is termed "Abstract of Record of Proceedings and Evidence Had on the 14th Day of December, 1936." In this abstract there is shown more of the colloquy between Court and counsel then is shown in the other abstract. How-

ever with exception as to some differences as to logical sequence the additional abstract adds but little to the one filed by the plaintiffs. However it is shown in both abstracts that the Court overruled plaintiffs motion for judgment on the pleadings and defendants abstract among other things stated has the following:

"THE COURT: The record shows defendant J. P. Green, by leave of court files answer and by leave of Court, defendants L. F. and Ethel H. Brooks, file an answer and plaintiffs file motion for judgment on the pleadings; motion overruled.

"MR. BENZ: The Defendants wishes to accept to the ruling, for the reason that we wish to except to the overruling of the motion for judgment, for the reason that no timely answers have been made by any of the defendants and no reasonable cause had been shown for failure to do so and defendants further wishes to object to the admission of the untimely answers offered at this time by any of the defendants, as no answers thus far have been filed by any of the defendants and no reasonable cause shown thus far."

(It is evident that by defendant is meant plaintiff in above.)

"THE COURT: Proceed, The Court thinks the matter ought to be heard on the merits.

"MR. BENZ: How?

"THE COURT: Read it to him, Mr. Snyder.

"(Reading) 'THE COURT: Proceed. The Court thinks the matter ought to be heard on the merits.'

"THE COURT: Proceed, gentlemen, who is your first witness?

To which action and ruling of the court, the plaintiffs, by their counsel, then and there duly excepted at the time and still excepts.

"MR. BENZ: The defendant is standing on his motion.

"THE COURT: Not the defendant, but the plaintiff is standing on his motion.

"MR. BENZ: Yes, Plaintiff is standing on his motion.

"THE COURT: Very well, let the record show cause dismissed by court for failure to prosecute."

To which action and ruling of the court, the plaintiffs, by their counsel, then and there duly excepted at the time and still excepts.

(This Was All Of The Evidence Introduced)

AND THEREUPON, the Court made the following entry of dismissal:

" 'Cause dismissed by Court for failure to prosecute.' "

Both abstracts show that objections and exceptions were duly taken to the actions taken by the Court and that plaintiffs duly appealed. For uniformity we will conform to the situation below and in our opinion refer to appellants as plaintiffs and respondents as defendants.

## OPINION.

It is manifest that a plain abstract of the record wherein by transcribing the stenographer's notes of proceedings in chronological order there would be given a much better basis of review. The record in this case is a good illustration of the troubles of an appellate court in arriving at the exact questions before it for review. It can further be gleaned from the record as presented, that trial courts are also confronted with situations that confuse and when confronted with such colloquy as is shown herein between the Court and counsel and between respective counsels, there a situation that if the trial court gets through without error he is fortunate indeed. However it is the appellant who charges the Court with error. Touching such charge there should be some presumption of innocence that should be overcome by a proper showing of record.

The plaintiff makes assignment of error as follows:

"ASSIGNMENTS OF ERROR."

"The Court erred in the following assignments:

"1. In not sustaining Plaintiffs (Appellants') motion for interlocutory judgment, filed May 6, 1936, for reasons therein stated:

"2. In permitting Defendants' answers untimely filed. (a) Without stating any just cause therefor, shown; it being a long established and well known rule of the Pettis County Bar, including Defendants' Attorney of record, that all defense pleas must be filed on the first day of the return term, unless time therefor then be extended by the Court; for reasonable cause therefor first shown;

"3. In permitting the answers to be filed, as they were filed out of due time, which alleged no meritorious defenses, (a) The allegations therein contained being but the mere conclusions of the pleaders;

"4. In dismissing Plaintiffs' cause without first giving them reasonable time and opportunity to know Defendants' answers and to prepare defenses therefor;

"5. In overruling Plaintiffs' motion for default judgment on the law and the pleadings, after default of all the Defendants, in not having filed timely answers to Plaintiffs' petition."

As to assignment No. 1, there is no showing that at time motion was filed that two of the defendants named were even parties and no showing that any defendant named had been served with process; therefore no error shown.

As to assignment No. 2, there is nothing shown in the record that prior to the time that any defendant, except Donnohue Loan and Investment Company, had been served with process. It is shown that all of said defendants on Dec. 14th, 1936, except the Donnohue Loan and Investment Company, filed answers by leave of Court. There is

not sufficient showing made from which we can conclude there was error, in that appearances seem voluntary in view of fact of no showing of service.

As to assignment No. 3, what is said as to assignment No. 2, applies.

Leaving assignment No. 4, for the present, we take up assignment No. 5. Having given reasons above why assignments No. 2, and 3, do not constitute error, it follows that for reasons above stated we conclude error is not shown.

Assignment No. 4, presents question for serious consideration. In connection with this assignment we take into consideration matters stated in the second paragraph under the head of "Trial" as fully set out above. We further refer back also to designated paragraphs No.'s 5, 6, 7, 8, 9, 10, and 11 of record of procedure as shown in plaintiffs abstract and fully set out above. We further take cognizance of the language in paragraph No. 2, in plaintiffs' motion for a new trial, same being as follows:

"2. That the Court erred in dismissing Plaintiffs cause, without first giving them a prior opportunity to know Defendant's respective defenses, so that they could know and prepare Plaintiffs' reply defense hereto;"

The language above quoted is in substance reiterated in assignment No. 4, above and the other matters referred to are consistent with assignment No. 4.

It is apparent from the showing of the record that plaintiffs made a strong showing for a continuance. However plaintiffs, by the course followed and by assignments, have taken such question out of the case.

In other words plaintiffs "crossed the Rubicon" when they announced they were standing on their motion for judgment and the only question that is really presented to us is as to whether or not the Court was in error in dismissing case for failure to prosecute and such issue is squarely raised by assignment No. 4.

It is manifest that the only reason presented in plaintiffs assignment No. 4, is failure to give plaintiffs a reasonable time and opportunity to examine as to the answers filed. Such was a reasonable request to support an application for a continuance; however none of plaintiffs' assignments present the matter of continuance for our consideration. For the purposes of this review, as based upon our reasons and conclusions above, we must consider plaintiffs assignment No. 4, from the standpoint that the answers were filed were properly filed by leave of Court.

A plaintiff who after anwer is properly filed elects to stand upon a motion for judgment based upon a failure to file within proper time thereby refusing to proceed further is not in a position to complain

of the action of the Court in dismissing his case for failure to prosecute.

In a case directly in point with the above, this Court affirmed the trial court in dismissing the cause. We need not repeat that was said by the Court in that opinion and but cite same, Benz v. Phillips Pipe Line Co., 47 S. W. (2d) 170.

There is a situation that presents in the case at bar that was not presented in Benz v. Phillips, etc., supra.

In the case at bar, the only defendant that is shown to have been served with process is shown as not having filed answer at the time the cause was dismissed by the Court.

It is urged by defendants that said fact was not raised in motion for new trial and cannot now be raised for the first time upon appeal. Such, if so, is the law. [Stevens v. Hurley, 279 S. W. 723, 726.]

We have above set out in full, paragraph 2, of plaintiffs' motion for new trial and assignment No. 4, and noted that same is in perfect harmony with paragraph No. 2, in motion for new trial.

The word "defendants" in the two paragraphs certainly embraces all defendants. We have sustained the proposition that if defendants be concluded to have timely answered that a plaintiff who stands upon his motion is not in position to complain. We must however conclude that the plaintiffs herein have claimed error of the Courts action in dismissing their case before plaintiffs had opportunity to know the answers of all defendants.

It is evident that plaintiffs had no opportunity at all to know the defense of the Donnohue Company, for the reason that said company had not answered although duly served.

It is apparent that the failure of the Donnohue Company to answer was an oversight. Such fact was admitted in the argument before the Court. This fact is undoubtedly due to conditions of confusion to which we have referred.

Confusion is often conducive to hasty action. It is irregular to take up such motion as is herein involved on the day it was filed unless by agreement. [Reid v. Moulton, 210 S. W. 34.]

Courts need not rule on judgments on the pleadings on day they are filed. [Laughlin v. Marr-Bridgers Grocery Co., 10 S. W. (2d) 75.]

No cases are cited and we find none on the exact conditions presented. We conclude however that under our system of jurisprudence it is error to dismiss a plaintiffs cause of action for failure to prosecute prior to issue joined by answer of all defendants.

Judgment reversed and cause remanded. All concur.