M. SALLE, for the Use and Benefit of Samuel
S. MANDEL, Samuel S. Mandel and
Frances Scales, Respondents,

v.

HOLLAND FURNACE COMPANY, a
Corporation, Appellant.

No. 47680.

Supreme Court of Missouri,

Division No. 1.

July 11, 1960.

Flynn, Parker & Badaracco, St. Louis, for appellant-defendant.

Samuel S. Mandel and Louis E. Zuckerman, St. Louis, for respondents.

HOLLINGSWORTH, Judge.

Defendant has appealed from an order of the trial court setting aside a judgment dismissing plaintiffs' action, without prejudice, for failure to prosecute. Its contention is that no timely motion for a new trial was filed and that, in the absence of the filing of such motion, the trial court was without jurisdiction to set aside the order of dismissal following a lapse of more than 30 days after it was made. For the reasons hereinafter stated, we are convinced that defendant's contention is sound and that the judgment of dismissal must stand.

Plaintiffs' action was filed in March, 1953. Thereafter, on February 14, 1955, plaintiffs, by leave of court, filed their amended petition. It alleged, in substance, that defendant, in July, 1952, wrongfully entered upon certain described real estate owned by plaintiffs and wrongfully and maliciously removed therefrom a furnace, injuring and diminishing the value of plaintiffs' real property in the sum of $2,000, for which plaintiffs prayed judgment for $2,000 actual damages and $10,000 punitive damages. Inasmuch as the amount in dispute, exclusive of costs, exceeds $7,500 and the notice of appeal taken herein was filed prior to January 1, 1960, jurisdiction of the appeal lies in this court. Constitution, Art. V, § 3, V.A.M.S.; Section 477.040 RSMo 1949, V.A.M.S.,[1] as amended by Laws 1959, S.B. 7, § 2.

The pertinent portions of the transcript, literally transcribed, reveal the following proceedings:

(A) "On February 1, 1956, this cause was called for trial; plaintiff appeared; and the cause was passed to the dismissal docket of March 6, 1956."

(B) "On February 28, 1956, defendant was granted to March 19, 1956, to plead to plaintiff's First Amended Petition."

(C) "On February 3, 1959, this cause was called; plaintiffs appeared; and the cause was passed to the Dismissal Docket of March 17, 1959."

(D) "On March 17, 1959, this cause was assigned to Division No. 1; the cause was called; plaintiffs came not; and the cause was dismissed, without prejudice, for failure to prosecute at plaintiffs' cost."

(E) "On April 16, 1959, plaintiffs' motion to reinstate this cause on the trial docket was duly filed, in words and figures, as follows (caption and signature omitted):

"Comes now the movant, the attorney for the plaintiffs and moves this Honorable Court to reinstate the above entitled cause to the trial docket for the following reasons, to-wit:

"1. This movant has come into this case only after circumstances forced the removal of several attorneys ahead of him. Illness caused the last preceding attorney to leave the case, and this movant was unable to ascertain the facts that would be in possession of the said attorney due to that illness.

"2. No good purpose would be served by the dismissal of the case, in fact the opposite would occur, that is, the object of the dismissal docket is to get cases to trial or off the court records, to continue the action of dismissal would only result in a refiling of the case, in which case the same cause would have a higher docket number and not come to trial as soon as if it were reinstated.

"3. This Honorable Court having entered the order less than thirty days (30) prior to filing has the jurisdiction to set

1. All statutory references herein are to RSMo 1949, V.A.M.S.

aside the said order, dismissing the case, as a matter of complete discretion.

"4. Movant, tenders by this statement the court cost refund, to secure the costs upon re-instatement.

"Wherefore, Movant prays this Honorable Court re-instate the above entitled cause to the trial docket, and for such other and further orders as to the Court shall seem meet just and proper."

(F) "On April 27, 1959, plaintiffs' motion to reinstate this cause on the trial docket was duly presented, heard, argued and submitted to the Court."

(G) "On May 8, 1959, plaintiffs' motion to reinstate cause on the trial docket heretofore presented, heard, argued and submitted, was duly sustained and this cause was duly reinstated upon the docket in an order duly made and entered on said day and date by Honorable Michael J. Scott, then the Presiding Judge in Division No. 1, of the Circuit Court of the City of St. Louis, Missouri, * * *."

■ We first consider the contentions made by plaintiffs in which they assert the right of the trial court to set aside the order of dismissal. They contend that the order of dismissal was coram non judice and void; that, being void in its inception, it is subject to collateral attack; and that, therefore, the trial court did not err in setting it aside more than 30 days after rendition. In support of that contention, they cite Hodges v. Brooks, 232 Mo.App. 667, 110 S.W.2d 1130, 1135 [5], and McCarty v. McCarty, Mo., 300 S.W.2d 394. The Hodges case, a bill in equity in which there were numerous defendants, was called for trial. All of the parties were present before the court. Plaintiffs were seeking a continuance upon grounds that the answers of some of the defendants had been filed "out of time" and that plaintiffs came prepared only for a default proceeding and that plaintiffs needed additional time to prepare their case in rebuttal of the defenses set forth in those answers. When that contention was denied, plaintiffs asked judgment on the pleadings. Apparently, the court deemed the issues not ripe for judgment on the merits and ordered that the case proceed to trial. Plaintiffs announced they were standing on their motion for judgment on the pleadings. The trial court thereupon dismissed the case "for failure to prosecute." Following *timely motion for new trial* and appeal, the appellate court determined that the court *erred* in dismissing the cause. During the course of the opinion the court, 110 S.W.2d loc. cit. 1135 [5], said: "We conclude however that under our system of jurisprudence it is *error* to dismiss a plaintiff's cause of action for failure to prosecute prior to issue joined by answer of all defendants." (Emphasis supplied.) But that statement was based upon the further showing in the record that due to justifiable mistake at least one of the defendants had not filed timely answer and that the court should have granted a continuance instead of dismissing plaintiffs' action. That case is authority only to the effect that a plaintiff, who, in fact, was prosecuting his action with diligence, should not be nonsuited by the court under the circumstances shown in that case. It is not authority for the proposition that the trial court is without *jurisdiction* to dismiss, of its own motion, an action for failure to prosecute, even though the defendant is in default. To so hold would deprive the court of its inherent power of dismissing an action that had been unreasonably delayed or abandoned by plaintiff. 27 C.J.S. Dismissal & Nonsuit § 65(2), p. 432. In the McCarty case, supra, it was said that no cause may properly be set down for trial, absent an express agreement, unless it is at issue or the defendant is in default. Dismissal for failure to prosecute is not even mentioned in the case. In the instant case, the defendant was in default. Furthermore, plaintiffs in the instant case were not seeking trial and the case was not set for trial. Rather was it set by the trial court for dismissal. The rulings in the Hodges and McCarty cases do not support plaintiffs'

contention that the order dismissing their case was coram non judice and void.

This case was filed in 1953, yet the record shows not a single step taken by plaintiffs either to get the case at issue or to take a default judgment. They were present in court on February 3, 1959, when the case was passed to the dismissal docket of March 17, 1959. That order can only be construed as a definite caveat that the cause would be dismissed on that date unless some positive action was taken, either by taking a default judgment or by forcing joinder of issues. Despite the warning set forth in the order, plaintiffs failed to appear. Their motion to reinstate alleges merely that "illness caused the last preceding attorney to leave the case, and this movant was unable to ascertain the facts that would be in possession of the said attorney due to that illness." Those allegations, standing alone, are so nebulous as to amount to no showing of cause whatever for the failure of plaintiffs to appear on March 17, 1959, and, at least, resist dismissal. Moreover, of course, they do not prove themselves.

Plaintiffs further contend the record "affirmatively demonstrates that the trial court's order placing this cause on the court's dismissal docket of March 17, 1959, assigning it to Division 1 for trial, and then dismissing it, without prejudice, for alleged failure to prosecute * * * was null and void" and was in contravention of § 510.070, which provides that "after issue is joined" the clerk shall place the case upon the trial docket. The fallacy of that contention is that the case was not ready for trial upon issues joined and it was not assigned to Division 1 for trial but specifically for dismissal under the record as shown. The contention is denied.

And, finally, plaintiffs contend that the trial court did not lose jurisdiction to set aside the judgment of dismissal on May 8, 1953, "because the motion was filed and sustained within three years after thirty days had elapsed after the void order of March 17," citing in support thereof § 511.250 (superseded by S.Ct. Rule 74.32, effective April 1, 1960, V.A.M.R.) and cases decided under its provisions. That section provides that judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof. It is applicable only to an irregularity patent on the face of the record, and not one depending upon proof of fact dehors the record. There is little, if any, room for discretionary action in considering an irregularity on the face of the record. Murray v. United Zinc Smelting Corp., Mo., 263 S.W.2d 351, 354 [1–3]. The motion here filed to reinstate the case does not even purport to invoke the provisions of that section. It alleges no irregularity appearing on the face of the record nor any error of fact dehors the record. To the contrary, it tacitly concedes the regularity of the proceedings up to and including the judgment of dismissal and specifically admits that the court, "having entered the order less than thirty days prior to filing [of the motion to reinstate] has the jurisdiction to set aside the said order, dismissing the case, as a matter of complete discretion." The contention is without merit.

The trial court clearly had jurisdiction to dismiss this cause, without prejudice, for failure to prosecute. In Bindley v. Metropolitan Life Insurance Co., Mo., 335 S.W.2d 64, 69 [1], we said: "The inherent right and power of a court, of its own motion and independently of statute or court rule, to dismiss an action for failure to prosecute is universally recognized, 27 C.J.S. Dismissal & Nonsuit § 65(1), pp. 430–432; and it has long been so recognized in Missouri. Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1, 2; City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, 68 [2]; Crispin v. St. Louis Public

Service Co., 361 Mo. 866, 237 S.W.2d 153, 155."

Concededly, no timely motion for new trial was filed. On the 30th day following the entry of judgment of dismissal on March 17, to wit: on April 16, the motion to reinstate the case was filed, but it was not heard until April 27 and was not ruled until May 8—52 days after the judgment of dismissal was rendered. Section 510.370 (superseded by S.Ct. Rule 75.01, V.A.M.R., effective April 1, 1960) provides: "Not later than thirty days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, * * *." S.Ct. Rule 3.25 (as amended on January 12, 1954, effective from September 1, 1954, until superseded by S.Ct. Rule 75.01, effective April 1, 1960, V.A.M.R.) provides: "The trial court retains control over judgments during the 30-day period after entry of judgment and may reopen, correct, amend or modify its judgment for good cause *within that time*." (Emphasis supplied.) By virtue of the provisions of § 510.370 and S.Ct. Rule 3.25, the judgment of dismissal rendered on March 17, 1959, became final and the trial court thereafter was without jurisdiction to set it aside. Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1, 5 [2]; Mid-States Equipment Corp. v. Hobart Welders Sales and Service, Mo.App., 233 S.W.2d 757, 758 [1–2]; State ex rel. State Highway Commission of Mo. v. Graeler, Mo.App., 303 S.W.2d 944, 947 [3]; Snyder v. Christie, Mo.App., 272 S.W.2d 27, 30; Fagan v. Hamilton Bank, Mo., 327 S.W.2d 201, 202.

The judgment setting aside the dismissal of this cause, without prejudice for failure to prosecute, is reversed.

All concur.