EMMA CRISPIN, (Plaintiff) Appellant, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, (Defendant) Respondent, No. 42035— 237 S. W. (2d) 153.

Division One, February 12, 1951.

Rehearing Denied, March 12, 1951.

Fred J. L. Schuler, Leahy & Leahy, Shad R. Bennett and Joseph J. Simeone, Jr., for appellant.

Coburn, Storckman & Croft and Clem F. Storckman for respondent.

[154] HYDE, J.—Plaintiff commenced an action for $10,000.00 damages, for wrongful death of her husband, which was dismissed, September 24, 1948, for failure to give security for costs. Plaintiff commenced this present suit on the same cause of action on August 1, 1949, as authorized by Sec. 3656, R. S. 1939, now 537.100, R. S. 1949. Defendant's motion to dismiss (on the ground that the order did not recite the dismissal was without prejudice) was sustained and plaintiff has appealed from this judgment of dismissal.

Plaintiff's previous action was filed June 4, 1946. A motion for security for costs, filed by the Circuit Clerk and Sheriff, was sustained on June 18, 1946 and plaintiff given ten days to give bond or deposit $40.00. Plaintiff did not comply and the case was put on the dismissal docket. Nothing else was done until September 14, 1948 when on application of plaintiff's attorney the Court made the following order: "It is ordered by the court upon oral motion of the plaintiff, by attorney, that this cause be removed from the dismissal docket of September 14th, 1948, and reinstated on the trial docket on application, and doth further order that the plaintiff be granted ten days from this date to secure the costs herein."

Plaintiff did not comply with this order and on September 24, 1948 the Court made the following order of dismissal: "It appearing to the satisfaction of the court that the plaintiff has failed to comply with the order heretofore entered herein on the 14th day of September, 1948, requiring plaintiff to give security for costs, it is ordered by the court that this cause be, and the same is, hereby dismissed, for such failure, at the cost of plaintiff, for which let execution issue."

The decisive question herein is whether the dismissal of plaintiff's first action was a final adjudication upon the merits under Sec.

101 of the 1943 Code. (Sec. 510.150 R. S. 1949.) Although the parties have briefed other matters, we think this should be decided upon the construction of the applicable provisions of the Code. Sec. 101 is as follows: "A dismissal without prejudice permits the party to bring another action for the same cause, unless the action is otherwise barred. A dismissal with prejudice operates as an adjudication upon the merits. Any voluntary dismissal other **[155]** than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

The part of Sec. 101, concerning involuntary dismissals must be read and construed with Sec. 100 (Sec. 510.140 R. S. 1949), the first sentence of which is: "For failure of the plaintiff to prosecute or to comply with this code or any order of court, a defendant may move for dismissal of an action or of any claim against him." This language comes from Federal Rule 41; the first sentence of Sec. 100 and the substance of Sec. 101 is contained in subsection (b) thereof. However, our Sec. 99 (Sec. 510.130 R. S. 1949) permits one voluntary dismissal without prejudice as a matter of right, which is not true of the Federal Rule. Thus our practice is more lenient than the Federal Rule and this accounts for difference in the language used. Nevertheless, in the Federal Courts, "local rules commonly provide for an entry of dismissal, without prejudice, by the clerk, after the lapse of a specified period of time without any affirmative action to keep the particular suit or claim in progress." (7 Cyclopedia of Federal Procedure, 2d Ed. 392, Sec. 3248.)

In Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S. W. (2d) 387, we held that a dismissal on the Court's own motion, without motion of the other party and notice, did not operate as an adjudication of the merits of the cause, but that "the 'involuntary dismissal' referred to in Section 101, . . . which shall be 'with prejudice unless the court in its order for dismissal shall otherwise specify' necessarily means an 'involuntary dismissal' with notice and an opportunity to be heard, and not a mere termination of the action by the court in the absence of the parties pursuant to some local court rule." We pointed out that Sec. 100 "provides that a defendant may move to dismiss for failure of the plaintiff to prosecute" and that "such motions require notice and a hearing or an opportunity to be heard, where the party is not in default for failure to appear." Sec. 100 also provides that a defendant may move to dismiss for failure of plaintiff to comply with any order of court, which would include an order to give security for costs. Therefore, following the rule of the Bindley case, we must hold that the dismissal here on the Court's own motion, without motion of defendant or notice that the court

would act or be requested to act to dismiss the case for that reason, is not a dismissal with prejudice.

We think this is a reasonable construction of Sec's. 100 and 101 construed together, as to involuntary dismissals, and that a motion with notice is contemplated by the Code to make an involuntary dismissal an adjudication of the merits. The Court's authority to dismiss on its own motion does not come from the Code but is inherent; the only question is as to its effect. These provisions of our new Code are more drastic than our former procedure but this is in keeping with its purpose to prevent undue delay and to make prompt disposition of cases. Nevertheless, to prevent injustice, it is important for the plaintiff to have an opportunity to present his claim to have an involuntary dismissal ordered without prejudice. The Code makes this discretionary with the Court and where it appears that plaintiff could not have a case or has abandoned it for a long period of time or is not acting in good faith and only seeks to harass the defendant, it could properly be denied. (7 Cyclopedia of Federal Procedure 402, Sec. 3251.) Of course, as stated in the Bindley case, when the case is definitely set for trial and the plaintiff makes default by failure to appear, as in Hannibal v. St. Louis Public Service Co., (Mo. App.) 200 S. W. (2d) 568, he already has notice that some action must be taken and nothing more is required. Therefore, our conclusion is that a dismissal on the Court's own motion without a motion of the defendant and notice thereof, or without notice and opportunity to be heard on the question of whether the dismissal should be without prejudice, is not with prejudice and does not constitute an adjudication on the merits; and it will not prevent filing a **[156]** new action within one year under Sec. 537.100 or Sec. 516.230 R. S. 1949.

Defendant also contends that this question is not preserved for review because plaintiff filed no motion for a new trial, citing our Rule 3.23. However, no motion for a new trial is necessary to preserve for review the propriety of the Court's decision in this kind of a proceeding. (See Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S. W. (2d) 55, l. c. 63.) It is the same as a non jury case in which, under Sec. 114 of the Code (Sec. 510.310 R. S. 1949), "the question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court."

The judgment is reversed and the cause remanded. All concur.