Gladys L. BINDLEY, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Respondent.

No. 47518.

Supreme Court of Missouri,

Division No. 1.

April 11, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied May 6, 1960.

Martin J. O'Donnell and Paul E. Bindley, Kansas City, for appellant.

Henry G. Eager, Arthur M. Wright, Kansas City, for respondent. Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, of counsel.

HOLLINGSWORTH, Judge.

Plaintiff has appealed from a judgment of the Circuit Court of Jackson County (sitting in Kansas City) denying her motion to set aside an order dismissing her amended petition without prejudice, in which petition she had sought to recover from defendant the sum of $10,000 actual and $115,000 punitive damages. The asserted right of reversal of the judgment is predicated upon grounds that the order of dismissal without prejudice was void, in that it was entered without notice, contrary to the provisions of the due process clause of the Fourteenth Amendment of the Constitution of the United States.

Plaintiff's action was originally brought on January 6, 1943, subsequent to the death of her husband on August 26, 1939, on which latter date he was the holder of a policy of life insurance issued by defendant, Metropolitan Life Insurance Company, for the face amount of $1200, with the additional provision for payment of double indemnity benefits if his death should be caused by accidental means. The amended petition alleged an unlawful conspiracy entered into by Metropolitan, its agent and its physician (both of the latter being now dead and against whom the action has abated by reason of nonrevivor) for the purpose of cheating and defrauding plaintiff of her rights and property, to wit: (1) a cause of action for the wrongful death of her husband by means of the negligent administration of an allegedly excessive amount of ether by Metropolitan's physician and (2) the right to recover the double indemnity benefits provided in the aforesaid policy, together with penalties and attorneys' fees for vexatious refusal to pay the same. (The transcript reveals, however, that all policy benefits have been finally adjudged and paid.)

The record shows that on April 1, 1946, the trial court unqualifiedly dismissed the action for want of prosecution. It seems that thereafter, on March 26, 1947, the action was again filed and again, on motion of defendants, unqualifiedly dismissed. Upon appeal to this court, we held, under the facts shown, that the order of dismissal should have been without prejudice and, on

July 12, 1948, reversed and remanded the cause. See Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387. The mandate was received and filed in the circuit court on September 30, 1948. The cause thereafter lay dormant on the docket of the Circuit Court of Jackson County for nearly eight years until May 21, 1956, when it was dismissed without prejudice for want of prosecution.

At the hearing of the instant motion to set aside the dismissal of May 21, 1956, Edwin G. Bush, deputy clerk of the circuit court en banc and the assignment division thereof (Division No. 1), called as a witness by plaintiff, identified certain "Rules of the Circuit Court," including Rule 14, to which we will revert. He testified that the provisions of Rule 14 were not followed in disposing of the instant case (and some 6000 other "old cases") for the reason that the members of the court en banc, at an informal conference of which there was no record, decided "they would clean up the docket of those old cases" and that "Judge Hunter was good enough to take them on, so we made a blanket order assigning all [of these old cases] to Division No. 3, and whatever notices were given, were given after they come into Division 3 * * *."

Pursuant to that arrangement, Division No. 1, on May 2, 1956, made the following order in the case: "Now on this day it is ordered by the Court that this cause be and the same is hereby returned to the General Docket," and notice thereof was published in The Daily Record on Friday, May 4, 1956.

On May 11, 1956, the following entry was made:

"Now on this day it is ordered by the court that the following numbered and entitled causes be and the same are hereby assigned to Division No. 3:

"* * * * * *

519292 Gladys L. Bindley v. Metropolitan Life Insurance Company.

* * * * * *"

After the cases referred to in the order of May 11, 1956, reached Division 3, The Daily Record (a newspaper officially designated for dissemination of reports of action taken in court proceedings, legal notices, etc.) published on Tuesday, May 15, 1956, and each day thereafter, excepting Sunday, May 20, 1956, through May 21, 1956 (a total of six publications), the following:

"N O T I C E
ASSIGNMENT DIVISION
"The following cases are assigned to Div. No. 3 for trial on Monday, May 21, 1956, at 9:30 A.M. (Filed in 1950)

"* * * * * *

545814  Opal Lockwood versus Clyde Lockwood
        same              Sol Yarowsky

519292  Gladys L. Bindley vs. Metropolitan Life Ins.
        damages;         Martin O'Donnell

545827  James Edward Smith vs. Linnie Belle Smith
        divorce;          Wm. Pevehouse
* * * * * *"

Thereafter, on May 21, 1956, Division 3 made and entered its order of dismissal of the cause, reading as follows:

"Now on this day in each of the following numbered and entitled causes, the parties hereto having been duly notified fail to appear.

"It is therefore ordered and adjudged by the court that said causes be and the same are hereby dismissed without prejudice and that said defendants recover of plaintiff their costs and that execution issue therefor.

"* * * * * *

519292  Gladys L. Bindley vs. Metropolitan
        Life Ins. Company

* * * * * *"

The record shows that probably, in the regular course of business, the order of dismissal was published in The Daily Record following the date of its entry.

On January 21, 1959, two years and eight months after the cause was dismissed without prejudice, plaintiff filed the instant motion to set aside that order. Attached thereto were the affidavits of plaintiff and

each of her counsel reciting they had no notice or knowledge of the placing of the cause on the peremptory call set in Division 3 on May 21, 1956. The motion alleged the provisions of Rule 14 of the circuit court (portions of which are hereinafter set forth) and the failure to comply therewith, and further:

"That this cause (the amended petition) was filed in the year 1947 while the alleged published notice referred to cases filed in 1950 and did not comply with the provision of Rule No. 14 requiring cases to be called for trial in their numerical order and that the cases described as the 'following cases' filed in 1950 began with cause No. 545,431 and ended with cause No. 546,-270, while the above case is numbered 519,292 and was inserted between causes No. 545,814 and No. 545,827 so that when plaintiff's counsel read the said notice he was misled or rather he was advised thereby that cause No. 519,292 filed in 1947 was not included in the list of cases so published so that neither plaintiff nor her counsel had any notice that the above numbered cause was assigned to Division No. 3 for trial on Monday, May, 21, 1956."

And further:

"The above numbered cause, to wit: 519,292 was not included in the said list but was omitted between Nos. 519,-277 and 519,292 and that when plaintiff's counsel saw that it was not included in said list of cases he correctly assumed that it was still pending in Division No. 1 and when he saw the list published to have been assigned for trial on May 21, 1956, he was misled by the recital that said list of cases referred to cases that were filed in 1950, and not in 1947, so that the notice to him was never given."

Rule 14 deals essentially with the *active trial list*. It provides, insofar as is deemed pertinent:

"The Presiding Judge shall, as deemed necessary, cause to be published in the Daily Record * * * and posted in the Assignment Division and in the office of the Circuit Clerk, a notice requiring parties or their attorneys to file with the Clerk of the Assignment Division on or before a date therein fixed, a separate listing card of each case between the numbers stated in such notice, which is at issue and trial of which is desired. * * * All cases triable to the Court shall be listed in accordance with published notification.

"A sufficient number of jury cases to be known as the active trial list, shall be published in The Daily Record * * * under the direction of the Presiding Judge in order that the attorneys engaged therein may have reasonable notice of the proximity of any case for trial. The Bar shall be charged with notice that cases may be added to such published list after The Daily Record * * * for any particular day [goes] to press, and shall keep informed of such additions so made. Cases on the active trial list shall be tried in their regular numerical order except as may be necessary because of engaged counsel or other proper cause."

Another section of an older Rule 14 provides:

"The Clerk of the Assignment Division, under the direction of the Presiding Judge, shall arrange settings of 'Weekly Trial Calendars' and enter thereon causes listed for trial in the numerical order of the filing of such causes and causes shall be assigned for trial, so far as practical, in the order in which they were filed with the Clerk of the Court, * * *.

"Notice of at least four weeks of settings on the trial calendars of jury cases shall be given to attorneys of record both by publication in The Daily

Record and by written notice mailed by the Clerk of the Assignment Division on a form prescribed by the Court, * * *."

Plaintiff's essential contention is that the court erred in overruling her motion to set aside the judgment of May 21, 1956, dismissing her action without prejudice, for the reason:

"That the only alleged notice of trial was newspaper notice which neither plaintiff nor her counsel ever saw or knew of and, whereas they were, to the knowledge of defendant, the circuit court and its assignment clerk, residents of Kansas City and could have been notified by mail of the alleged trial date but were not so notified. It follows that plaintiff was deprived of her adjudged property right in her cause of action without due process of law contrary to the command of the 14th Amendment to the United States Constitution."

Obviously and, it seems, purposefully, the dismissal of May 21, 1956, was not made pursuant to Circuit Court Rule 14. (Concededly, it was not made in accordance with the provisions of Section 510.-140 RSMo 1949, V.A.M.S., prescribing the procedure for hearing and determination of *motions filed by defendant* to dismiss for failure of plaintiff to prosecute his action.)

Defendant's position is that in 1956 the Circuit Court was confronted with disposing of some 6000 cases, which had lain dormant on the docket of the Kansas City Circuit Court for many years—some, or at least plaintiff's, since 1948; and that the disposition of those actions was undertaken in accordance with long recognized non-statutory powers inherent in trial courts to dismiss cases for failure to prosecute with diligence.

In support of her contention that the procedure followed in the dismissal of her case was violative of the due process clause of the Federal Constitution, plaintiff has cited and stressed the following cases: Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed 865; City of New York v. New York, New Haven & Hartford R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333; Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Orrick v. Orrick, Mo. App., 233 S.W.2d 826; and Meierhoffer v. Hansell, 294 Mo. 195, 243 S.W. 131. Before discussion of them it is well to note, however, that they deal primarily with the validity of initial notices of new proceedings wherein initial notice is a prerequisite of due process to the exercise of jurisdiction over the *res* or person sought to be subjected to judicial process. The holding in each of those cases may be briefly summarized as follows:

In Mullane, a trust company, in accordance with the banking laws of New York, gave notice by publication of its petition filed in the Surrogate's Court for judicial settlement of its trust accounts in some 113 estates. The Supreme Court, under the facts shown, held the notice was insufficient to vest the trial court with jurisdiction over certain beneficiaries interested in said trusts and that the decree affirming the settlement was violative of the 14th Amendment. In so holding, the court, 339 U.S., loc. cit. 314, 70 S.Ct., loc. cit. 657, 94 L.Ed., loc. cit. 873, said: "An elementary and fundamental requirement of due process *in any proceeding which is to be accorded finality* is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Cases cited.] The notice must be of such nature as reasonably to convey the required information, [Case cited] and it must afford a reasonable time for those interested to make their appearance, [Cases cited]. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with

which the statute deals.' " (Emphasis supplied.)

In City of New York, the court held that notice by publication to creditors to file claims in a railroad reorganization proceeding under the Bankruptcy Act, 11 U.S.C.A. § 205, on pain of being denied participation was ineffective to bar the claim of a city having a tax lien on certain parcels of railroad property. In Walker, the court held, in a condemnation proceeding by a city against a landowner, that notice of proceedings to determine his compensation given him by publication was not adequate as required by due process. In Orrick, the court merely held that an application for an order of service by publication was insufficient to warrant such an order and that purported service by publication thereunder was void. In Meierhoffer, it was held that under the rules of the Jackson County Circuit Court the trial division acquired no jurisdiction until an order had been made by the assignment division assigning the cause for trial to a trial division. (Such an order was made in the instant case. See order of May 11, 1956, supra.)

Those cases, as we read them, are not applicable to the situation we here have under consideration. The Circuit Court of Jackson County has had jurisdiction of the parties and subject matter of the instant action for more than thirteen years and the proceeding questioned on this appeal involved only an interlocutory order of dismissal without prejudice; it adjudicated no personal or property right of plaintiff whatever. See Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 155[2, 3].

■ The inherent right and power of a court, of its own motion and independently of statute or court rule, to dismiss an action for failure to prosecute is universally recognized, 27 C.J.S. Dismissal & Nonsuit § 65(1), pp. 430–432; and it has long been so recognized in Missouri. Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1, 2; City of Jefferson v. Capital City Oil Co., Mo. App., 286 S.W.2d 65, 68[2]; Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 155. This rule was expressly recognized on the first appeal of this case, 213 S.W.2d loc. cit. 389, 391, wherein this court said: "We do not question the inherent power of the court to dismiss a cause, on its own motion, for want of prosecution, * * *."

We are convinced that the provisions of the rules of court hereinbefore set forth are not controlling or dispositive of this appeal. This for the reasons following:

■ In the first place we believe, under the circumstances here shown, when considered in the light of the inherent power of the trial court above set forth in dismissal of actions for want of prosecution, the notice published from May 15, 1956, through May 21, 1956, was reasonably calculated to apprise plaintiff of the setting of the cause for trial and afford her an opportunity to present her objections. Mullane, supra, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865, 872. This court knows that "The Daily Record" is a medium generally used by the circuit courts of Jackson County for transmitting notice and by lawyers for obtaining notice of orders made in connection with the cases pending in said courts. It is hardly conceivable that the Bar of Kansas City did not know, from its daily reading of The Daily Record, that in 1956, the circuit court was engaged in clearing its dockets of "old cases"; and it would seem that general knowledge of that fact alone would charge plaintiff (actually, her counsel) with the duty, in the exercise of reasonable care, carefully to read each listing in its entirety to ascertain whether her case, which had lain dormant since 1948, was or soon would be listed for disposition. In the motion here presented, counsel for plaintiff admits that he read in The Daily Record a portion of the notice setting this case for trial on May 21, 1956, and seeks to avoid any prejudicial ef-

fect of his failure to read *all of it*, because, at the top thereof, it referred to a series of cases filed in 1950 and when he had scanned the notice to the point where, in numerical order, this case should have appeared, he cast the notice aside. When we bear in mind, first, the foregoing facts and, second, the duty of a party to keep abreast of all proceedings in his case from and after service of original process until *final judgment*, Cohen v. Ennis, Mo., 318 S.W.2d 310, 316, we think the trial court could well have found that the notice here challenged was sufficient to apprise plaintiff of the setting of her case for trial on May 21, 1956.

In the second place, let us assume, however, that under the facts here shown plaintiff was not chargeable with notice of the setting of her case on May 21, 1956, yet more than two and one-half years elapsed before she took any step to reinstate it. (We have searched the record in vain for any evidence as to when she obtained actual notice of the dismissal.) These facts, without explanation, bespeak such a continuing failure on the part of plaintiff to prosecute her action as to warrant, without more, the overruling of her tardy motion to reinstate.

But further assuming that, upon receipt of actual notice, plaintiff promptly filed her motion to set aside the dismissal without prejudice, the duty was squarely upon her to show at the hearing thereof that her failure to appear on May 21, 1956, was not by reason of negligence and, more important, to show that she had not failed diligently to prosecute her action from the time of its remand in 1948 up to the time of the filing of her motion. Levee District No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614, 617 [6–10]; 27 C.J.S. Dismissal & Nonsuit § 81, p. 499. She made no such showing at the hearing.

Thus it is clear that the order of dismissal without prejudice made on May 21, 1956, deprived plaintiff of no right inuring to her under the due process clause of the 14th Amendment. It is also clear that the only order which finally deprived her of the right to further prosecute the cause was made after full hearing on plaintiff's motion to set aside that order, at which hearing the evidence conclusively showed that plaintiff had continuingly failed to prosecute the cause with diligence from the date of remand in 1948 until the order made on February 23, 1959, refusing to set aside the dismissal made on May 21, 1956.

Under the facts shown, we have no hesitancy in holding that the trial court did not err in overruling plaintiff's motion.

The judgment is affirmed.

All concur.