STATE of Missouri ex rel. Kathleen M. WARD, Relator,

v.

The Honorable Tom J. STUBBS, Judge of the Circuit Court of Jackson County, Division 5, at Kansas City, Missouri, Respondent.

No. 50077.

Supreme Court of Missouri.

En Banc.

Jan. 13, 1964.

Harold Waxman, Jerome B. Stone, Kansas City, for relator.

Ben W. Swofford, Laurence R. Smith, Phillip L. Waisblum, Kansas City, Swofford, Smith & Waisblum, Kansas City, of counsel, for respondent.

DALTON, Judge.

This is an original proceeding in prohibition brought in this Court at the relation of Kathleen M. Ward, Relator, seeking a Writ of Prohibition against the Honorable Tom J. Stubbs, Circuit Judge, Division 5 of the Circuit Court of Jackson County, Missouri, to prevent him from proceeding with the trial of a divorce case pending against her (Case No. 593,911), after her cross-petition for divorce filed in said cause had been stricken from the files on the ground that the issues raised in her cross-petition had theretofore been adjudicated against her by virtue of a dismissal of her prior action for separate maintenance, which she had theretofore filed against her said husband, Charles T. Ward (Case No. 549,422), the dismissal of which had been made pursuant to Rule 14 of the Rules of the Circuit Court of Jackson County, Missouri.

Relator contends that the issues raised by her cross-petition for divorce have not been finally and conclusively adjudicated against her by reason of the dismissal of her prior suit for separate maintenance and particularly, that the dismissal of said action under Rule 14 of the Rules of the Circuit Court of Jackson County could not be res adjudicata of the issues raised by her cross-petition concerning the conduct of her said husband since the institution of her said suit for separate maintenance and the dismissal thereof.

Relator further insists that she cannot secure a complete hearing on the merits of her husband's suit for divorce without a hearing of the facts stated in her answer to plaintiff's petition for divorce and in her cross-petition for divorce against him; that the striking of her cross-petition for divorce under the facts and circumstances of this case restricts her from asserting a complete and proper defense to her husband's suit; and that forcing her to trial on the issues raised by her husband's action and her answer thereto, as the pleadings now appear, denies her due process of law under the Fifth Amendment to the Constitution of the

United States and also under Section 1 of Article 14 of said Constitution, as well as Sections 10 and 14 of Article I of the Constitution of the State of Missourri, 1945, V.A.M.S.

Relator's separate suit for maintenance against her husband (Case No. 549,422) was filed in the Circuit Court of Jackson County on January 26, 1951. The petition charged indignities to plaintiff (relator herein), to wit: "that defendant is possessed of a high and ungovernable temper, and on many occasions creates such violent and prolonged disturbances as to interfere with and destroy the rest and sleep of the entire family; that without just cause or reason defendant is constantly critical of plaintiff and the minor children of plaintiff and defendant, and even preventing the study periods of said minor children; that defendant constantly uses vile and profane language toward this plaintiff and the said minor children; that defendant has constantly struck, beaten, and kicked this plaintiff and the said minor children; that defendant maliciously uses alcoholic beverages, becoming extraordinarily vicious and oppressive, all for the express purpose of distressing and harassing this plaintiff; that defendant is parsimonious toward this plaintiff, making it necessary for her to obtain money from her brother in order to provide adequate clothing and the necessities of life for the minor children of plaintiff and defendant, and plaintiff and the said minor children are periodically, and at this time substantially, destitute and without proper maintenance and support and that defendant refuses to provide properly the necessities of life for plaintiff and said children; that defendant has shown no affection toward plaintiff as his wife."

A stipulation was thereafter entered into by and between relator and her said husband whereby the said Charles T. Ward agreed to pay to plaintiff $200 per month as and for "temporary maintenance." On March 2, 1951, the stipulation was made a part of the record in said cause (Case No. 549,422, Book 179–A, p. 281 of the records of the Circuit Court of Jackson County) and Charles T. Ward paid all or part of said $200 per month to relator as separate maintenance up until the latter part of 1958. No further orders or proceedings were had in said cause.

On June 25, 1956, the Presiding Judge of the Circuit Court of Jackson County dismissed plaintiff's petition for separate maintenance (Case No. 549,422) pursuant to Rule 14 of the Rules of the Circuit Court of Jackson County. At the time of said dismissal relator herein had moved to the State of California, where she then resided. The provisions of the mentioned rule and the facts and circumstances attending the dismissal will be reviewed in ruling the issue of res adjudicata.

On the 1st day of October, 1956, Charles T. Ward, as plaintiff, filed a suit for divorce against relator in the Circuit Court of Jackson County (Case No. 592,911) wherein he alleged the marriage to relator on the 15th of October, 1929, and their separation after living together "approximately 20 years." The petition charged the following indignities: "Defendant continually nagged, criticized and quareled [sic] with plaintiff without cause; that in 1948, she left plaintiff and went to California, and after repeated attempts at reconciliation at the instance of plaintiff, the defendant refused to allow plaintiff to see her anymore; that defendant filed against plaintiff repeated suits for divorce and separate maintenance in the Circuit Court of Jackson County, Missouri, which cases were never brought to trial, but after payment of attorney fees in each of said cases, and paying to defendant temporary support, she dismissed all of said cases.

"Also, the defendant has continually harassed plaintiff in order to compel him to pay her more money, sending numerous telegrams to him and to his employer charging that he had abandoned his child, and she made complaint before the District Attorney in Santa Anna, California, charging plaintiff with having abandoned the minor

child, and she had proceedings filed and warrant issued and served upon plaintiff in the District Court of Wyandotte County, Kansas, upon which plaintiff was taken into custody and required to appear before said court on or about the 15th day of July, 1956, at which time the defendant made no appearance, and said action was dismissed by the court without prejudice; that the conduct of the defendant has caused plaintiff great pain and anguish, and has injured him in his employment, and all of the actions of the defendant as above set out were unfounded and maliciously done.

"Plaintiff has endeavored to make reconciliation with defendant and desired to go to California to visit her and their son in September, 1956, but that defendant refused to allow him to come; that defendant has informed plaintiff that she is through with him and has no affection for him, and that she will never live with him again."

The record presented here further shows that on April 2, 1949, relator had filed a suit for divorce against her husband Charles T. Ward on the ground of indignities; and that, subsequently, on April 20, 1954, the cause was dismissed "without prejudice." The record also shows that on May 29, 1956, relator instituted a proceeding against her husband in the Superior Court of Orange County, California, under the Uniform Reciprocal Support Act to obtain support for their minor child; that the cause was thereafter transferred to the District Court of Wyandotte County, Kansas, in which court Charles T. Ward appeared "by compulsion of a warrant"; and that, thereafter, on June 28, 1957, the proceeding was dismissed in said district court for want of prosecution.

No service of process was had upon relator in Case No. 593,911 (her husband's suit for divorce against her) and the case remained pending with no service from October 1, 1956, until relator returned to Kansas City shortly prior to September 27, 1962, on which date she voluntarily entered her appearance in said Case No. 593,911 and

filed her answer and cross-petition for divorce, wherein she admitted her marriage to defendant on or about October 15, 1929, and her separation from defendant on or about the 1st day of January, 1950; admitted plaintiff's residence in the State of Missouri for more than one whole year next before the filing of plaintiff's petition; stated that she was a nonresident of the State of Missouri; denied the indignities charged against her; and alleged that the three children born of the marriage had reached their majority.

Relator's cross-petition for divorce against plaintiff in Case No. 593,911 alleged general indignities as follows:

"(a) That plaintiff is possessed of a high, violent and ungovernable temper and a quarrelsome disposition and would constantly nag and quarrel with defendant giving her no peace of mind or rest.

"(b) That plaintiff cursed, abused and used crude, vulgar, vile, and rude language toward her.

"(c) That plaintiff has associated with and been intimate with other women.

"(d) That plaintiff is possessed of a mean and jealous disposition."

Thereafter, on November 5, 1962, plaintiff Charles T. Ward filed a motion to strike defendant's cross-petition for divorce on the ground that the issues sought to be raised in said cross-petition for divorce were res adjudicata, because the separate maintenance action (Case No. 549,422) previously filed by relator against him on January 26, 1951, had been dismissed by the Presiding Judge of the Circuit Court of Jackson County on June 25, 1956, for want of prosecution and because of the nonappearance of the parties on a peremptory call of old cases pursuant to Rule 14 of the Rules of the Circuit Court of Jackson County.

On January 8, 1963, and prior to any ruling on plaintiff's motion to strike, plaintiff filed a supplemental motion to strike said cross-petition for divorce and alleged

the publication in The Daily Record of notice from June 12, 1956, to June 25, 1956, that pursuant to Rule 14 of the Rules of said court, "Case No. 549,422, Kathleen M. Ward, vs. Charles T. Ward, separate maintenance, Marion Waltner, attorney," would be called in the assignment division of said court on Monday, June 25, 1956, at 9:30 a. m., and that, if counsel had not arranged for disposition of same prior to that time, counsel must be present. No appearance was made at said time and place and relator's action for separate maintenance was dismissed, as stated.

Thereafter, on the 22nd day of January, 1963, the Presiding Judge of the Circuit Court of Jackson County sustained the plaintiff's motion to strike relator's cross-petition for divorce and said cross-petition was stricken and the cause ordered set for trial on April 1, 1963 in Division 5 of said circuit court before the Honorable Tom J. Stubbs, respondent herein. Respondent thereafter gave notice and informed relator to bring her witnesses and be ready for trial on said date.

Relator, thereafter on January 30, 1963, filed a motion for a new trial attacking the court's order striking her cross-petition for divorce. The motion was overruled and an appeal was taken to this Court, where, on motion filed by Charles T. Ward, the said appeal was dismissed as premature and because taken from an unappealable order in said cause. Thereafter, on the 29th day of March, 1963, relator filed her petition in this Court for a Writ of Prohibition, as stated. A stop order was issued, directed to respondent, and on April 9, 1963, this Court issued its Preliminary Rule in Prohibition. Respondent's return to this Court's preliminary rule was duly made and, thereafter, on the 17th of May, 1963, relator filed her reply to respondent's return.

As stated, relator's position here is that in view of the state of the record in the case of Charles T. Ward, plaintiff, vs. Kathleen M. Ward, defendant, Case No. 593,911, she is restricted from asserting a complete and proper defense to the petition for divorce filed by her husband; that she is prevented from pursuing her cross-petition for divorce filed in said divorce proceeding; and that she has been deprived thereby of the right to introduce evidence to show that her husband is not the innocent or injured party or that she is the injured or innocent party and entitled to a divorce. She further contends that the dismissal of her prior petition for separate maintenance by the Circuit Court of Jackson County on June 25, 1956, pursuant to Rule 14 of the Rules of the Circuit Court of Jackson County, was not res adjudicata as to the issues raised in her said petition for separate maintenance; and that, particularly, it was not res adjudicata as to the new issues, facts and events occurring subsequent in time to the filing of her petition for separate maintenance, nor was it res adjudicata as to the new allegations of fact and the new grounds for divorce stated in her cross-petition for divorce to the effect that plaintiff has associated with and been intimate with other women. Relator further contends that to proceed to trial in accordance with the order and notice served upon her by respondent, after her cross-petition for divorce has been stricken, she will be deprived of her right to due process of law under the mentioned constitutional provisions and also under Section 452.020 RSMo 1959 and Supreme Court Rule 88.02, V.A.M.R. as amended March 6, 1962.

Under points and authorities relator first contends that respondent exceeded his jurisdiction and authority in directing that her husband's action for divorce proceed to trial on April 1, 1963, after her cross-petition for divorce had been erroneously stricken from the files. She insists that she is entitled to the issuance of the Writ of Prohibition against respondent because if respondent proceeds under the circumstances of this case to hear her husband's divorce case without hearing her cross-petition for divorce against him, her legal rights will be invaded and due process denied and that she will have no adequate remedy by ap-

peal. She argues that she will be "deprived of her right to a complete defense and to her right to urge facts constituting her the innocent party and injured party entitling her to the decree of divorce"; and that "by striking relator's cross-petition for divorce and causing the suit to be heard on plaintiff's petition alone on the issues therein raised, she not only is prevented from asserting a complete and adequate defense to the petition for divorce filed by Charles T. Ward but the trial would be only a partial trial as to the merits of the parties respectively to a divorce based solely on the issues raised in plaintiff's petition and would be a division of the hearing of the merits on the action filed by Charles T. Ward and an appeal taken by her from the record showing only the issues on plaintiff's petition would not afford Relator a complete and adequate remedy by such appeal."

We need not rule the issue of no adequate remedy by appeal, since respondent now, in effect, concedes that relator's position is correct, when he states: "Respondent does not deem it necessary to here argue whether or not the remedy by appeal is an adequate one for Relator. By granting the preliminary rule in prohibition this Court has assumed the legal position that the remedy by appeal is inadequate to fully protect Relator's rights. By assuming jurisdiction of this controversy in this prohibition proceeding all rights of Relator with reference to the action of the Court below in striking her Cross-Petition and ordering her to trial can be (and presumably will be) fully adjudicated."

Relator next contends that the dismissal of the separate maintenance action by the Circuit Court of Jackson County, Missouri, pursuant to Rule 14 of the Rules of said circuit court, was a dismissal "without prejudice", although the order of the court dismissing the same did not so recite. Relator says that the court made no order assigning said separate maintenance action to a division of the circuit court for trial; and that no actual notice was served upon her or her attorney of record that said

maintenance action would be called for trial, or other disposition made, on the date stated in the published notice. She insists that the only notice given was the notice which appeared in The Daily Record from June 12, 1956, to June 25, 1956, as follows: "Pursuant to Rule 14, the following cases (1951 vintage) will be called in the Assignment Division on Monday, June 25, 1956, at 9:30 A.M. Counsel who have not arranged for disposition of the same with the Presiding Judge or Carl Luckow, the Equity Assignment Clerk, prior to that time MUST BE PRESENT, * * * 549,922 Kathleen M. Ward v. Charles T. Ward, Sep. Maintenance; Marion Waltner * *."

It is admitted that this notice was published on the court's own motion pursuant to Rule 14 of the Rules of the Circuit Court of Jackson County, Missouri, as then in force, and that the pertinent portion of said Rule provided: "The Presiding Judge may, *whenever deemed advisable by the Court en banc* upon not less than ten days notice, call orally the whole or any portion of the general docket and upon such call any case which has not been listed for trial when notice calling for such listing has been published may, in the discretion of the Presiding Judge, be listed for trial, continued, or dismissed." (Italics ours.)

Relator states that the published notice merely indicated that the case would be called pursuant to Rule 14 with the admonition that counsel who had not arranged for prior disposition of the case or cases listed prior to the time and date of the call must be present. Relator concedes that her counsel did not appear and that she was not personally advised that the notice had been published. She concedes that, upon her nonappearance and that of her counsel, the Presiding Judge (of the assignment division) on June 25, 1956, elected to dismiss said action pursuant to said rule and entered an order reciting that Case No. 549,922, Kathleen M. Ward vs. Charles T. Ward was dismissed for want of prosecution.

▬ Relator insists that the notice as published in The Daily Record was not a specific setting of the case for trial; that it cannot be interpreted as an order of the court directing the cause to be set for trial, when it had never been assigned by order of the court to a division for trial; and that the dismissal of said separate maintenance action pursuant to Rule 14 cannot be interpreted as a dismissal "with prejudice" which would foreclose her on the issues now raised in her cross-petition for divorce. On this record, relator's argument with reference to the sufficiency of the notice cannot be sustained; nor was the failure to assign the case for trial material here, particularly, in view of the fact that the record shows that this case had been pending since January 26, 1951, with no action taken, other than by the entry based upon the mentioned stipulation of the parties. The stipulation with reference to "temporary maintenance", although incorporated in the records of the court, was not an order dealing with the merits of the pending case, since relator might well be entitled to "temporary maintenance" regardless of the merits of her action for separate maintenance.

As to the sufficiency of the notice, as given, this Court in the case of Bindley v. Metropolitan Life Ins. Co., Mo.Sup., 335 S.W.2d 64, 69 [2–4] said: "This court knows that 'The Daily Record' is a medium generally used by the circuit courts of Jackson County for transmitting notice and by lawyers for obtaining notice of orders made in connection with the cases pending in said courts. It is hardly conceivable that the Bar of Kansas City did not know, from its daily reading of The Daily Record, that in 1956, the circuit court was engaged in clearing its dockets of 'old cases'; and it would seem that general knowledge of that fact alone would charge plaintiff (actually, her counsel) with the duty, in the exercise of reasonable care, carefully to read each listing in its entirety to ascertain whether her case, which had lain dormant since 1948, was or soon would be listed for dis-position. In the motion here presented, counsel for plaintiff admits that he read in The Daily Record a portion of the notice setting this case for trial on May 21, 1956, and seeks to avoid any prejudicial effect of his failure to read *all of it,* because, at the top thereof, it referred to a series of cases filed in 1950 and when he had scanned the notice to the point where, in numerical order, this case should have appeared, he cast the notice aside. When we bear in mind, first, the foregoing facts and, second, the duty of a party to keep abreast of all proceedings in his case from and after service of original process until *final judgment,* Cohen v. Ennis, Mo., 318 S.W. 2d 310, 316, we think the trial court could well have found that the notice here challenged was sufficient to apprise plaintiff of the setting of her case for trial on May 21, 1956."

We must and do hold that the published notice was sufficient to sustain a dismissal with prejudice.

On June 25, 1956, at the time of the mentioned dismissal of relator's petition for separate maintenance, Sec. 510.150 RSMo 1949 was in full force and effect and it, in part, expressly provided that: " * * * [a] dismissal with prejudice operates as an adjudication upon the merits. * * * any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." Supreme Court Rule 67.03, adopted July 1, 1959, effective April 1, 1960, is substantially to the same effect. In this case the Court failed to provide that the dismissal was *without prejudice* and it was, therefore, a dismissal with prejudice and, with that fact in view, we must determine the effect of this dismissal on relator's subequent cross-petition for divorce, and also whether such dismissal sustains the action of the court on January 22, 1963, in striking relator's cross-petition on the ground that the issues stated therein had been fully adjudicated by reason of the dismissal of her prior suit on June 25, 1956.

We think it wholly immaterial whether or not the publication and the calling of the docket had been "deemed advisable by the Court en banc", as mentioned in Rule 14, since the assignment division of the said circuit court possessed the necessary jurisdiction to dismiss plaintiff's petition after notice was given, and particularly so, in view of the inherent jurisdiction of the court.

In Bindley v. Metropolitan Life Insurance Co., supra, 335 S.W.2d 64, 69 [1], this Court said: "The inherent right and power of a court, of its own motion and independently of statute or court rule, to dismiss an action for failure to prosecute is universally recognized, 27 C.J.S. Dismissal & Nonsuit § 65(1), pp. 430–432; and it has long been so recognized in Missouri. Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1, 2; City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, 68 [2]; Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 155." And also see Salle for Use and Benefit of Mandel v. Holland Furnace Company, Mo.Sup., 337 S.W.2d 87, 90 [5] and Doughty v. Terminal Railroad Ass'n of St. Louis, Mo.Sup., 291 S.W.2d 119, 121.

We must and do hold that said dismissal was res adjudicata of the issues and facts properly pleaded by relator in her petition for separate maintenance, when filed, and also of such facts as could have been alleged prior to the date of dismissal, since if, on that date, she had elected to go to trial she could have amended her petition and have brought it to date, alleging all subsequent appropriate grounds, facts and circumstances, which had occurred after the filing date of her petition for separate maintenance and prior to the entry of the judgment of dismissal under Rule 14 for failure to prosecute. A former adjudication on the same cause of action between the same parties is conclusive in subsequent proceedings as to every issue of fact which was or might have been litigated in the first proceeding under what is called estoppel by judgment. Abeles v. Wurdack, Mo.Sup., 285 S.W.2d 544, 546 [1–3]; Reis v. La Presto, Mo.Sup., 324 S.W.2d 648, 652 [2–5]; Ackley v. Ackley, Mo.App., 257 S.W.2d 404, 407 [5]; Prough v. Prough, Mo.App., 308 S.W.2d 294, 295 [2] and Brady v. Brady, Mo.App., 71 S.W.2d 42, 47 [6–8].

Relator, however, contends that in the cross-petition for divorce, filed by her on October 1, 1962, in the divorce action filed by Charles T. Ward against her, she alleged new, additional and continuing grounds for divorce which *occurred subsequent in time* to the dismissal on June 25, 1956, of her separate maintenance action by the circuit court pursuant to said Rule 14 of the Rules of the Circuit Court of Jackson County, Missouri.

Relator insists that in her said cross-petition for divorce, she alleged in paragraph 1(c) additional grounds for divorce not heretofore alleged in said prior separate maintenance action, to wit: that Charles T. Ward had associated and been intimate with other women. Also, in paragraph 5 of said cross-petition, for divorce, she alleged that she is unable to work and support herself and that she is without means to meet her living expenses. Although not specifically stated, she says that she sought to charge that Charles T. Ward failed to perform his obligation to support and maintain her. Relator further contends that each adulterous act of her husband and the fact of his failure to support and maintain relator were new, and continuing and additional grounds for divorce, which she insists that she was entitled to allege and prove in her said cross-petition for divorce since they arose subsequent to the dismissal of her petition for separate maintenance. With this contention we must agree since relator was free to allege and prove any cause of action for divorce based upon facts arising subsequent to the prior judgment with reference to separate maintenance. Fisher v. Cox, Mo.Sup., 312 S.W.2d 775,

781 [3]; Abeles v. Wurdack, supra, 285 S.W.2d 544, 547 [3]; 50 C.J.S. Judgments § 650, p. 92.

We have heretofore reviewed the specific allegations of indignities set out in relator's cross-petition for divorce, which cross-petition was filed October 1, 1962, and it will be noted that no time is stated as to when any of these alleged indignities occurred. It further appears from relator's cross-petition that the separation of the parties occurred on or about January 1, 1950, and that her husband has filed an affidavit alleging that "he and the defendant, his wife, have not lived together, nor cohabited from December 28, 1950, until the present date." The affidavit is dated November 3, 1962. We have held that the allegations of relator's petition for separate maintenance and the indignities or other grounds existing in support of her suit for separate maintenance, and facts occurring prior to June 25, 1956, are res adjudicata as between her and her husband. We have also noted relator's contention that she in her cross-petition for divorce has alleged new and additional grounds for divorce based on facts and circumstances occurring subsequent to the dismissal of her action for separate maintenance; however, since no time had been fixed in her cross-petition for divorce as to the date when any of the alleged indignities or other grounds for divorce had occurred, the facts may not be determined from the allegations of the cross-petition for divorce.

▬ Plaintiff, Charles T. Ward filed no motion to make the cross-petition for divorce more definite and certain and the court made no finding that the indignities charged by her in her cross-petition occurred prior to June 25, 1956, nor was permission asked or given for relator to file an amended cross-petition for divorce at the time her cross-petition for divorce was

stricken and the cause ordered set for trial. We think the court erred in striking her cross-petition under the mentioned circumstances and also in notifying her to appear for trial on April 1, 1963, and to bring her witnesses.

We think the applicable law has been well stated and ruled in the case of Burke v. City of St. Louis, Missouri, Mo.Sup., 349 S.W.2d 930, 933 [6], wherein a suit for damages had been filed against the city but the pleader had failed to allege that the city was acting in a proprietary function in maintaining the building and the trial court, on the city's motion, had stricken the petition with prejudice. This Court reversed the judgment of dismissal and remanded the cause and stated: "Plaintiff's petition should not have been dismissed with prejudice upon the motion filed by the city. The record before us discloses no motion to make plaintiff's petition more definite and certain or to strike any portion thereof (§§ 509.310, 509.320; Civil Rules 55.34, 55.35). It also does not appear that at any time plaintiff either asked or was given an opportunity to amend his petition (§ 509.-490; Civil Rule 55.53). In these circumstances, we conclude that the judgment should be reversed and the cause remanded that plaintiff be afforded an opportunity to amend his petition if he so desires and for such further proceedings as may be proper."

In view of the conclusions we have reached, it will not be necessary to rule relator's assignment based upon Section 452.020 RSMo 1959 and Supreme Court Rule 88.02, as amended March 6, 1962, as authorizing her cross-petition for divorce.

Our preliminary rule in prohibition should be made absolute until such time as relator has had an opportunity to file an amended cross-petition for divorce.

All concur.