**W. M. CRYSLER COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**Charles SMITH, Defendant-Respondent.**

**No. 8240.**

Springfield Court of Appeals.
Missouri.

March 26, 1964.

Franklin D. Holder, Kennett, for plaintiff-appellant.

Charles M. Cable, Cable & Stephenson, Kennett, for defendant-respondent.

HOGAN, Judge.

This action was brought to recover a deficiency judgment. The defendant filed a motion to dismiss the action on the grounds that a prior suit upon the same cause of action had been dismissed for failure to prosecute, and that the dismissal constituted a prior adjudication upon the merits. After hearing evidence, the trial court granted the motion and dismissed this cause. The plaintiff has appealed.

The pleadings in the first action are not before us, but it is conceded that in both the earlier case and the present one, the cause of action and the parties were identical. In this last action, begun on January 29, 1963, the plaintiff's petition recited its corporate existence, the execution of an instalment note by defendant to the plaintiff, subsequent default by the defendant, exhaustion of the security, and the existence of an unpaid balance due on the note. The plaintiff alleged demand and refusal to pay, and prayed judgment for the balance due.

The defendant's motion to dismiss specifically set out in this present case that (1) a prior suit upon the same cause of action (reciting the style and number) had been begun in the same court on November 18, 1960, and that personal service had been obtained on the defendant; (2) on May 17, 1962, "after due notice to plaintiff," the trial court had dismissed this earlier action for failure to prosecute; and (3) the first order of dismissal was, in legal effect, a dismissal with prejudice, and therefore was res judicata as to the second or present case.

The trial court heard evidence on the instant motion to dismiss on two occasions. Through the testimony of the circuit clerk, a Mr. Ross, and by reference to the court's files and its permanent record, it was established that on November 18, 1960, the plaintiff had declared upon the same cause of action through a different attorney, and subsequently service was obtained on the defendant. On December 27, 1960, the defendant filed an alternative motion to dismiss or to make more definite and certain. The record before us does not indicate for what reason the cause failed to progress to trial, but it does appear that nothing further was done with the case until May 14, 1962, when it was dismissed for failure to prosecute. The permanent record of the circuit court revealed that at that time this entry had been made: "Now on this day, cause dismissed for failure to prosecute." There is nothing in this record to show that the case was ever placed on any motion docket or that any request was ever made that the motion be disposed of. Neither the trial

court's record nor the case file contained any copy of any notice, or notation of any notice, given before the order of dismissal was entered. It does appear that after the order of dismissal had been entered, a copy was sent by mail both to the attorneys for the plaintiff and for the defendant on May 17, 1962.

Mr. Ross, who had been circuit clerk since 1947, testified that in April 1962 (he was not certain as to the precise date) the trial court entered an order that all "old and inactive" cases would be set for hearing, or called, on May 14, 1962, so that some disposition could be made of them. As we understand the record, there was no local rule governing the procedure to be followed in dealing with inactive matters, but during the course of the trial the court interjected that "during the past eight or ten years" it had been the court's "custom" to dismiss cases which had been inactive for a year or more on an "annual dismissal day." The April 1962 order did not specify how old a case would be considered "old and inactive," but the clerk, attempting to implement the order and acting upon his understanding of the trial court's customary practice, went through the docket on his own initiative and "fixed one year as the dead line, that was on my own, and notified every firm that had a case that was on the docket that was a year old * * * that this order had been made, and on May 14th these cases would be called."

It is clear from the record that Mr. Ross believed a notice of the proposed hearing— that of May 14, 1962—was sent to the attorneys representing the plaintiff sometime prior to the hearing and dismissal on May 14, 1962, but the evidence is not at all clear as to the content of the notice or the manner in which it was transmitted. No copy of the notice made up by Mr. Ross appears in the record and, in explaining what the notice recited, Mr. Ross stated that "[it] was a general notice to the firm, it did not specifically list any lawsuit, it was just a general notice that all cases that were a year old on that day would be called. * * *" While the clerk testified that such a notice was transmitted, we find no positive statement establishing whether it was mailed, or if it was to whom it was mailed, or how it was addressed. Mr. Ross testified that "it could have been" that he notified the plaintiff's attorneys by telephone; he had, however, no record to indicate that he had actually done so, and he seems not to have been sure that he telephoned them at all. On the other hand, there is no substantial controversy as to the notice given subsequent to, the order of dismissal. The trial court's case file contained a copy of the order of dismissal which had been mailed both to the attorneys for the plaintiff and for the defendant on May 17, 1962, three days after the first action had been dismissed. Mr. Ross testified that no communication of any sort had been received since that time from the plaintiff's former attorneys, and there was no record of any request for action by the trial court upon the part of the plaintiff's former attorneys.

■ Before proceeding to the merits of this appeal, we must deal briefly with two preliminary matters, the first of which is our jurisdiction. The question upon which this case turns is whether the plaintiff or its attorneys received a reasonable notice and opportunity to be heard in connection with the trial court's dismissal of the first action. Rule 67.03 [1] provides in part that "* * * any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." On its face, therefore, the order in question would operate as a dismissal with prejudice. However, due process requires that the plaintiff be given notice and an opportunity to be heard before a dismissal for failure to prosecute will operate as a dismissal with prejudice and as an adjudication on the merits, whatever

1. All references to statutes and rules are to RSMo (1959), V.A.M.S. and V.A.M.R.

the order recites. Crispin v. St. Louis Pub. Serv. Co., 361 Mo. 866, 869–870, 237 S.W.2d 153, 155–156 [1] [2, 3]; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 37–38, 213 S.W.2d 387, 391 [5–7] [8]; Levee Dist. No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614, 617 [3–5]. Thus, in one sense, this case turns on whether the appellant plaintiff was afforded due process when the first case was dismissed, and if the construction of the federal constitution or the Missouri Constitution of 1945 is involved, then exclusive appellate jurisdiction of this appeal is in the Supreme Court. Const. of 1945, art. V, § 3, V.A.M.S. Still, the jurisdiction of the Supreme Court is not invoked by the mere fact that a constitutional question inheres in the case, or may be argumentatively inferred from the facts, City of St. Louis v. Butler Co., 358 Mo. 1221, 1229, 1233, 219 S.W.2d 372, 378, 380. If the appellant wishes to invoke the jurisdiction of the Supreme Court on constitutional grounds, he must, among other things, explicitly designate the constitutional provision which he claims has been violated, and he must adequately cover the constitutional points in his brief. Cirese v. Spitcaufsky, Mo., 259 S.W.2d 836, 838 [1] [2]; City of St. Louis v. Butler Co. supra, 358 Mo. at 1227, 219 S.W.2d at 376 [5, 6]; Baker v. Baker, Mo.App., 274 S.W.2d 322, 325 [5–9]. On this appeal, the plaintiff has neither specified any section or article of the federal or state constitution as having been violated, nor has he briefed any constitutional question. Since this is true, and since the question whether there was proper notice in a particular case is ordinarily a fact question, Greene v. Greene, Mo., 368 S.W.2d 426, 428 [1–7], Baker v. Baker, supra, 274 S.W.2d at 325, we somewhat hesitantly have resolved that we have jurisdiction.

■ Further, we should briefly notice the posture of the case on appeal. The plaintiff filed no motion for new trial, but appealed directly from the trial court's order dismissing the second action. Such a procedure brings the case to us just as any other court-tried case, and it is therefore our duty to review the matter both upon the law and the evidence. Crispin v. St. Louis Pub. Serv. Co., supra, 361 Mo. at 870, 237 S.W.2d at 156 [4]; Rule 73.01(d).

Turning to the merits of the case, the positions of the parties may be simply stated. The burden of the plaintiff's position here is that it received either no notice or insufficient notice of the trial court's intended action when the first case was dismissed. The defendant argues that the plaintiff's former attorneys received an adequate oral notice, according to the evidence, and that an oral notice was sufficient. The grounds upon which the trial court acted are not apparent from the record.

The case is not without its difficulties. It was stipulated that if plaintiff's former attorney were present, he would testify that he received no notice prior to the dismissal of the first case, but there is no avoiding the fact that notice of the trial court's action was given within four or five days after the order was entered. Mr. Ross testified that he has had no communication whatever from the plaintiff's former attorneys since the order of dismissal was made, and upon the record before us it appears that no action whatever was taken in the face of an order of dismissal, which was known to counsel very shortly after it was made. Since the record is wholly silent as to why the case had lain unattended from December 27, 1960, to May 14, 1962, when the case was dismissed for failure to prosecute, and also contains no suggestion as to why counsel made no inquiry about the case after it was dismissed, we can make no inference from the lack of attention it apparently received. It seems apparent, however, that if notice subsequent to the order of dismissal meets the requirements of the law, the trial court would be justified in construing the order of dismissal as a dismissal with prejudice.

It is true that broad general statements may be found to the effect that the federal due process clause, U.S.Const. amend. XIV, § 1, does not invariably require advance

notice of the possibility of dismissal in this kind of situation. Link v. Wabash R. R. Co., 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed. 2d 734, 739. However, the facts in the Link case were that the litigation had been prolonged for more than six years, and two fixed trial dates had been postponed. The trial court in which the action was pending had threatened to dismiss the case in 1959. In September 1960, the plaintiff was given nearly two weeks advance notice of a pretrial hearing, and counsel defaulted in appearance, without any reasonable excuse, after advising the court he would be present. The trial court thereupon dismissed the cause for failure to prosecute, with prejudice, without further advance notice, and the Supreme Court of the United States held that "[t]he circumstances here were such as to dispense with the necessity for advance notice and hearing." Link v. Wabash R. R. Co., supra, 370 U.S. at 632, 82 S.Ct. at 1390, 8 L.Ed.2d at 739. Upon the reported facts, we admit it is difficult to see what useful purpose a further notice would have served in the Link case, and we find that case indistinguishable in principle from our own cases of Doughty v. Terminal R. R. Ass'n. of St. Louis, Mo., 291 S.W.2d 119, 121 [1], and Hannibal v. St. Louis Pub. Serv. Co., Mo.App., 200 S.W.2d 568. Those cases, in effect, hold that when a party defaults on a trial setting, he has had the requisite notice, and a final adjudication may be made by dismissal with prejudice for failure to prosecute.

■■ We do not, in our view, have such an affirmative situation in the case before us. Whatever may be the rationale or underlying reason for the rule, our cases dealing with voluntary and involuntary dismissals seem to require reasonable *advance* notice of the proposed court action and an

opportunity to be heard before a dismissal for failure to prosecute will operate as an adjudication upon the merits, unless the plaintiff is in default for failure to appear at the time, or is actually before the court. This is true even though the order of dismissal fails to specify that it is made with prejudice.[2] Sometimes this requirement is discussed in terms of due process as in Bindley v. Metropolitan Life Ins. Co., supra, 358 Mo. at 37, 213 S.W.2d at 391 [5–7], and sometimes merely in terms of the construction and purpose of the Rules of Civil Procedure, as in the Crispin case, Crispin v. St. Louis Pub. Serv. Co., supra, 361 Mo. at 870, 237 S.W.2d at 155–156 [2, 3]. In any event, in the case with which we are presently dealing, the plaintiff was not in default upon a trial setting, nor was the dismissal entered upon motion and notice by the defendant, nor were the parties actually before the court at the time. The only reasonable inference which we can draw from the record before us is that the trial court dismissed the cause upon its own motion in an effort to clear its docket of stale cases. We therefore begin with the premise that if the plaintiff had reasonable preliminary notice of the trial court's intended dismissal of the first case, it is now barred from instituting the present action. Otherwise, the first order of dismissal is not res judicata in this second case.

This court has recognized the imprudence of attempting to formulate a definition of the phrase "reasonable notice" which would be apt in all circumstances, Baker v. Baker, supra, 274 S.W.2d at 326, and we adhere to that view. It would seem fair to say that since the contemplated action—dismissal for failure to prosecute with prejudice—in this matter involved a decision on the merits and possible deprivation of rights and property,

---

2. Doughty v. Terminal R. R. Ass'n. of St. Louis, supra, 291 S.W.2d at 121 [1]; Healer v. Kansas City Pub. Serv. Co., Mo., 251 S.W.2d 66, 67–68 [1, 2]; Crispin v. St. Louis Pub. Serv. Co., supra, 361 Mo. at 870, 237 S.W.2d at 155 [2, 3]; Bindley v. Metropolitan Life Ins.

Co., supra, 358 Mo. at 37–38, 213 S.W. 2d at 391 [8]; Levee Dist. No. 4 of Dunklin County v. Small, supra, 281 S.W. 2d 614, 617 [3–5]. See also State ex rel. Wells v. Mayfield, 365 Mo. 238, 243–244, 281 S.W.2d 9, 11.

the notice should have been one reasonably calculated to apprise the plaintiff of the setting of the first case for disposition on May 14, 1962, and to afford a reasonable opportunity to present its objections. If this very general test were met in the context of the circumstances, we believe "reasonable notice" would have been given.[3]

Even so, from a factual standpoint, the record evidence does not sustain a finding that such notice was given, principally because the record does not show the content of the notice that was given, nor even, for that matter, that notice was ever transmitted. Mr. Ross did testify, in several different ways, that he did "notify the attorneys" of the trial court's contemplated action, but we have searched the record in vain to determine what information the notice contained. Mr. Ross's explanation was that it "was a general notice to the firm, it did not specifically list any lawsuit, it was just a general notice that all cases that were a year old on that day would be called." We cannot determine, from the record, when this notice was mailed, whether it was sent ordinary or certified mail, nor, for that matter, to whom it was addressed. Without some evidence of what the notice recited, when it was transmitted and by what means, we are of the opinion it could not be found, or even reasonably inferred, that the plaintiff had such notice as was reasonably calculated to apprise it of the setting of its case and afford a reasonable opportunity to present its objections. This case differs considerably on its facts, in our view, from Bindley v. Metropolitan Life Ins. Co., supra, 335 S.W.2d 64, in which the case had been listed for trial or dismissal in a publication specifically provided to give notice of settings for trial and other disposition, and from Levee Dist. No. 4 of Dunklin County v. Small, supra, 281 S.W.2d 614, in which the plaintiff's attorney admittedly received notice. Limiting our holding to the specific

facts before us, we conclude that neither plaintiff nor its counsel had sufficient advance notice to make the dismissal of the prior case a dismissal with prejudice, so as to bar this second action.

■ The defendant has argued in this court specifically that the plaintiff had reasonable and legally sufficient oral notice. Though technically we might take this argument as a formal concession or admission that there was no prior written notice, Rukavina v. Accounts Supervision Corp., 241 Mo.App. 195, 199, 237 S.W.2d 503, 506 [2], we have not chosen to do so. It is plain, however that the defendant's position in this respect is untenable. We do not reach the question whether an oral notice would have been sufficient, but the weakness of the defendant's claim of oral notice lies in the fact that there is no evidence that an oral notice was ever communicated to plaintiff's counsel. Mr. Ross upon being asked if "it might have been by telephone that you notified any of the firms," answered "Yes, it could have been." He further testified that he "didn't call up and ask for [plaintiff's former attorney]"; he gave notice "to the firm." This is all the testimony we can find concerning oral notice. We believe evidence of Mr. Ross's conversation on the telephone might have been admissible had the person with whom he spoke—the antiphonal speaker—been identified. Annos. 71 A.L.R. 5, 10, III(a); 105 A.L.R. 326, 328, III(a). But the plaintiff could not be bound by a telephone conversation with a person unidentified in any manner. Meyer Milling Co. v. Strohfeld, 224 Mo.App. 508, 516, 20 S.W.2d 963, 967 [9], cert. quashed State ex rel. Strohfeld v. Cox, 325 Mo. 901, 30 S.W.2d 462. A telephone notice given to someone without knowing to whom it is given, and without evidence that it reached the person or concern intended to be notified, would constitute no notice at all. Strack v. Missouri

3. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865, 873; Bindley v. Metropolitan Life Ins. Co., Mo., 335 S.W.2d 64, 69 [2–4]; State v. Goodbar, Mo., 297 S.W.2d 525, 528 [5–8]; In re Barger, Mo.App., 365 S.W.2d 89, 97.

& K. Telephone Co., 216 Mo. 601, 614, 116 S.W. 526, 529.

We do not say, nor wish to be understood as saying, that the trial court did not have the inherent discretionary power to dismiss the first case for failure to prosecute without prejudice. Salle for Use and Benefit of Mandel v. Holland Furnace Co., Mo., 337 S.W.2d 87, 90–91; Bindley v. Metropolitan Life Ins. Co., supra, 335 S.W.2d at 69 [1]. The trial court's exercise of a reasonable discretion in dismissing the prior action is not questioned here. We merely hold that the dismissal in case 33,600 did not operate as a dismissal with prejudice, and does not operate as an adjudication on the merits, nor bar the present action.

For the reasons indicated, the judgment should be reversed and the cause remanded. It is so ordered.

RUARK, P. J., and STONE, J., concur.